UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VICTOR,

    Plaintiff,                                    Case No. 1:20-cv-13218
                                                         Honorable Thomas L. Ludington

v.

KIMBERLY REYNOLDS, et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT REYNOLD'S MOTION TO DISMISS**

On December 8, 2020, Plaintiff Michael Victor filed a complaint alleging that the individual Defendants violated his Fourteenth Amendment rights and were grossly negligent by depriving him of his seizure medication when he was lodged in the Otsego County Jail. ECF No. 1. The Complaint further alleges that the municipal Defendants are liable under *Monell v. Department of Social Services*.[1] *Id.* On March 11, 2021, Defendant Kimberly Reynolds filed a motion to dismiss. ECF No. 15. Response and reply briefs were timely filed. ECF Nos. 18, 19, 20.

**I.**

The facts, as alleged in the Complaint, are that Plaintiff Michael Victor was arrested by Defendant Huff, a Gaylord Police Officer, for disorderly conduct and resisting on April 28, 2019 at approximately 12:15 A.M. ECF No. 1 at PageID.4. Plaintiff suffers from epilepsy and his mother brought his medication to the Otsego County Jail. *Id.* She asked Defendant Huff to make sure the medication was administered to Plaintiff. *Id.* The Complaint alleges, "In response to being on notice of the medical necessity of receiving his medication, Defendant Huff told Plaintiff's mother

---

[1] 436 U.S. 658 (1978).

that because Plaintiff was intoxicated he would have to clear it with OCJ's nurse, Defendant Kimberly Reynolds." *Id.* at PageID.4–5. "[U]pon information and belief, [the] ultimate decision [to not administer Plaintiff's medication] was made by Defendant Kimberly Reynolds, OCJ's nurse. . . . Plaintiff was never provided any explanation while at OCJ for the specific denial of his medication, other than a vague references [sic] to Defendant Reynolds prohibiting it." *Id.* Plaintiff was released from custody at approximately 11:45 A.M. on April 28, 2019 and minutes later suffered a grand mal seizure. *Id.* at PageID.6. Plaintiff "suffered a broken jaw and had invasive surgery resulting in his mouth being wired shut for a month among various other damages." *Id.*

## II.

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

## III.

Defendant Reynolds filed a joint motion to dismiss and motion for summary judgment. ECF No. 15. She argues that Plaintiff failed to state a claim under the Eighth Amendment because

Plaintiff was a pretrial detainee. Second, she argues that Plaintiff failed to state a claim regarding the Fourteenth Amendment deliberate indifference claim. Third, she requests that if this Court denies the Motion to Dismiss, that it then consider the attached affidavit and convert the Motion to a motion for summary judgment.

**A.**

First, Defendant's Motion to the Dismiss the Eighth Amendment claim from Count I will be denied. Count I provides that "[p]ursuant to the Eighth and/or Fourteenth Amendment of the United States Constitution, Plaintiff had a constitutional right to receive adequate medical care based on his medical needs while in Defendant OCJ following his April 28, 2019 arrest." ECF No. 1 at PageID.7. Plaintiff is not alleging separate Eighth and Fourteenth Amendment claims, but rather is acknowledging the fact that the Fourteenth Amendment extends the Eighth Amendment protection from deliberate indifference in medical treatment for post-conviction prisoners to pretrial detainees. There is no independent Eighth Amendment claim to dismiss. Defendant's request to dismiss the nonexistent Eighth Amendment claim will be denied.

**B.**

Second, Defendant Reynolds argues there are insufficient allegations in the Complaint for the Fourteenth Amendment deliberate indifference claim. ECF No. 15 at PageID.138 ("[T]he charges in the Complaint fail to identify how she was personally involved in the alleged matter."). While it is true that conclusory allegations are insufficient to survive a motion to dismiss, detailed allegations are also unnecessary.

By its terms, the Eighth Amendment prohibits the imposition of any cruel and unusual punishment. At the time of its adoption, "cruel and unusual punishment" included draconian punishments such as the rack, thumbscrews, "tortures[,] and other barbarous methods of

punishment." *Gregg v. Georgia*, 428 U.S. 153, 170 (1976) (internal quotation marks and citation omitted). Since then, Eighth Amendment jurisprudence has not remained static, but has developed with "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 100 (1958). "The Eighth Amendment does not apply to pretrial detainees. Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685–86 (6th Cir. 2001). Under this evolving standard, the Supreme Court requires prison officials to "provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials are prohibited from being deliberately indifferent to a prisoner's serious medical needs, meaning the "unnecessary and wanton infliction of pain." *Id.* at 104.

A constitutional claim for the deprivation of adequate medical care "has two components, one objective and one subjective." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *cert. denied*, 537 U.S. 817 (2002)). The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish a serious need for medical care, "*Farmer* requires only that 'the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm[,]' so as to avoid 'the unnecessary and wanton infliction of pain.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). A serious medical need may be demonstrated by a physician's diagnosis mandating treatment or a condition that "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 897 (citations omitted).

Establishing the second, subjective, component "requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez v. Corr. Med. Serv.*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703). Deliberate indifference requires "more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703 (citations omitted). Courts evaluating such a claim "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

Allegations of negligence, poor medical judgment, or unsuccessful treatment do not provide a basis to find an Eighth Amendment violation. *Smith v. Green*, 959 F.2d 236 (6th Cir. 1992) (citing *Estelle, v. Gamble*, 429 U.S. 97, 106 (1976)). "Where a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments,' although 'it is possible for medical treatment to be 'so woefully inadequate as to amount to no treatment at all.'" *Id.* (citing *Westlake*, 537 F.2d at 860 n. 5). But "a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (citing *Estelle*, 429 U.S. at 107; *Rhinehart v. Scutt*, 509 F. App'x 510, 513–14 (6th Cir. 2013)) (other citation omitted); *see also Alspaugh*, 643 F.3d at 169 ("[While] Alspaugh certainly would have desired more aggressive treatment, he was at no point denied treatment.").

Plaintiff alleges that his mother drove to the Otsego County Jail, informed the staff that he suffers from epilepsy and of his need for medication, and dropped off the medication. Further,

Plaintiff alleges that his mother was informed that Defendant Reynolds would be consulted about administration of the medication. Thus, Plaintiff has sufficiently alleged that Defendant Reynolds was on notice of a sufficiently serious medical need: Plaintiff's epilepsy and need for medication. The objective standard is met.

As for the subjective component, Plaintiff must "allege facts which, if true, would show that [Defendant Reynolds] . . . perceived facts from which to infer substantial risk to [him], that [s]he did in fact draw the inference, and that [s]he then disregarded that risk." *Dominguez v. Corr. Med. Serv.*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703). Plaintiff alleges that his mother went to the jail to inform jail staff of his epilepsy. He further alleges that she informed jail staff that because of the arrest Plaintiff would miss his evening and morning medication, placing him at substantial risk of suffering a seizure. Finally, Plaintiff alleges that there were "vague references to Defendant Reynolds prohibiting" the administration of his medication. ECF No. 1 at PageID.4–5. Plaintiff need not allege the details of any communication between Defendants Huff and Reynolds, nor the specifics of Reynolds' involvement in the denial of Plaintiff's medication, to survive a motion to dismiss. The facts alleged may be few, but they are sufficient. Defendant's Motion to Dismiss Count I for failure to state a claim will be denied.

## C.

Additionally, Plaintiff requests that the Court convert the Motion to a motion for summary judgment to consider her affidavit of non-involvement, as well as several emails by counsel. First, this Court did not provide notice to the parties that the Motion would be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). As such, the Motion was not sufficiently briefed to be considered as a motion for summary judgment. Second, the only evidence provided by Defendant is her affidavit. In her reply,

she states that "Plaintiff was furnished all information to determine that Defendant Reynolds has no involvement in the alleged matter, including all medical records; a work schedule demonstrating she was not working on the date of the incident; and an affidavit of non-involvement signed by Defendant Reynolds." ECF No. 20 at PageID.183. However, this evidence is not included in the record. A motion for summary judgment should only be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendant's affidavit alone does not demonstrate that there is no genuine issue of material fact. Her Motion for Summary Judgment will be denied.

To the extent that Defendant's Motion is considered a motion for summary judgment under Local Rule 7.1(b)(2), Defendant will be provided leave to file a second motion for summary judgment.

**D.**

Finally, Defendant Reynolds argues that "Plaintiff is unfairly holding [her] hostage in this lawsuit until she points the finger at a responsible party." ECF No. 20 at PageID.183. She argues that Plaintiff

> confuses the pleading obligations between party plaintiffs and defendants. It is not Defendant Reynold's duty to substantiate Plaintiff's outlandish legal theories against Defendants; rather, it is Plaintiff who must file claims and legal contentions warranted by non-frivolous argument and evidentiary support. It is simply wrong to hold Defendant Reynolds hostage in a meritless lawsuit unless she points fingers at another Defendant or a new potential Defendant.

ECF No. 20 at PageID.179 (citation omitted). While these allegations are serious, Electronic Filing Policies and Procedures Rule 5(f) provides that a party may not embed a motion within responsive briefing. If Defendant Reynolds believes Plaintiff's behavior is improper, she may file an independent motion for sanctions. However, it is not proper to include them in the reply brief of a motion to dismiss.

**IV.**

Accordingly, it is hereby **ORDERED** that Defendant Reynold's Motion to Dismiss, ECF No. 15, is **DENIED**.

It is further **ORDERED** that Defendant Reynolds is granted leave to file a second motion for summary judgment.

Dated: May 20, 2021	s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge