UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VICTOR,

       Plaintiff,                                  Case No. 1:20-cv-13218

v.                                                Honorable Thomas L. Ludington
                                                    United States District Judge
KIMBERLY REYNOLDS, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY**

This matter is before this Court upon Plaintiff Michael Victor's motion to amend his complaint. ECF No. 30. As explained hereafter, Plaintiff's motion will be granted.

**I.**

On December 8, 2020, Plaintiff Michael Victor filed a complaint alleging that Defendants violated his Fourteenth Amendment rights and were grossly negligent by depriving him of his seizure medication while he was detained overnight at the Otsego County Jail (OCJ). ECF No. 1. Plaintiff also alleged that the municipal Defendants are liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.*

Specifically, Plaintiff alleged that Defendant Blake Huff, a Gaylord Police Officer, arrested Plaintiff for disorderly conduct and resisting arrest on April 28, 2019. *Id.* at PageID.4. Because Plaintiff has epilepsy, his mother brought his medication to the OCJ, where she asked Defendant Huff to make sure Plaintiff received his medication. *Id.* Plaintiff added that "[i]n response to being on notice of the medical necessity of receiving his medication, Defendant Huff told Plaintiff's mother that because Plaintiff was intoxicated he would have to clear it with the OCJ's nurse,

Defendant Kimberly Reynolds." *Id.* at PageID.4–5. Plaintiff elaborated that "upon information and belief, [the] ultimate decision [not to administer Plaintiff's medication] was made by Defendant Kimberly Reynolds, OCJ's nurse," and that "Plaintiff was never provided any explanation while at OCJ for the specific denial of his medication, other than a vague reference[] to Defendant Reynolds prohibiting it." *Id.* Minutes after Plaintiff was released from custody, he suffered a grand mal seizure," during which he "collapsed to the ground and struck his face on the cement," which caused "severe bleeding all over his face and his mouth" and a broken jaw, which required, among other things, "invasive surgery" and "his mouth being wired shut for a month." *Id.* at PageID.6.

On May 20, 2021, this Court denied Defendant Reynolds's motion to dismiss the complaint. *See Victor v. Reynolds*, No. 1:20-CV-13218, 2021 WL 2012834, at *1 (E.D. Mich. May 20, 2021). The parties commenced discovery then stipulated to dismiss Defendants Blake Huff and City of Gaylord, leaving only Defendants Kimberly Reynolds and Otsego County. *See* ECF No. 29.

On December 17, 2021, Plaintiff filed a motion to amend his complaint, ECF No. 30, which has been fully briefed, *see* ECF Nos. 31; 32.

## II.

### A.

A court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). Justice does not require leave to amend in the presence of "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment." *Glob. Lift Corp. v. Hiwin Corp.*, No.

14-CV-12200, 2016 WL 5476238, at *3 (E.D. Mich. Sept. 29, 2016). To that end, the decision to grant or deny leave to amend is "left to the sound discretion of the trial judge." *Id.*; *see also Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint." (citation and internal quotation marks omitted)); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))).

There is no reason to deny Plaintiff leave to amend. First, Plaintiff did not delay filing—Plaintiff requested leave to amend mere weeks after the depositions occurred and the theories of liability became clearer. *See* ECF No. 30 at PageID.258. Second, Plaintiff provided notice to Defendant—Plaintiff sought Defendants' concurrence on December 9, 2021. *See id.* Third, Plaintiff did not file in bad faith—the record indicates that he filed the motion proximate to learning new facts discovered during depositions. Fourth, there were no prior amendments. Fifth, any prejudice to Defendant is slight—the defendant that Plaintiff seeks to add in the amended complaint, Advanced Correctional Healthcare (ACH), is represented by the same attorney that represents Defendant Reynolds, who also briefed and argued the merits of the same claims Plaintiff seeks to bring against ACH. *See generally id.*

Defendant, however, suggests that Plaintiff's effort will be futile.[1] *See* ECF No. 31 at PageID.373–82. A proposed amendment is futile "if the [claim, even with the] amendment[,] could

---

[1] Notably, Defendant Reynolds argues that the motion to amend "is futile as to L.P.N. Reynolds." ECF No. 31 at PageID.378. But the amended complaint's allegations related to Defendant Reynolds's liability are identical to the allegations in the original complaint. *Compare* ECF No. 1 at PageID.2, 4–5, *with* ECF No. 30-2 at PageID.273–74, 276. This Court has already denied Defendant Reynolds's motion to dismiss and motion for summary judgment on those claims. *See generally Victor v. Reynolds*, No. 1:20-CV-13218, 2021 WL 2012834 (E.D. Mich. May 20, 2021). Therefore, the amended complaint is not futile as to Defendant Reynolds.

not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Foman*, 371 U.S. at 182); *see also Parchman*, 896 F.3d at 737–38 (same); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (denying leave to amend when the proposed amended pleading consisted of conclusory allegations without factual support).

Therefore, this Court must determine whether the new claims in the amended complaint could survive a motion to dismiss.

### B.

Under Rule 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court construes the pleading in the nonmovant's favor and accepts the complaint's factual allegations as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," but the court need not accept as true the complaint's legal conclusions. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

Plaintiffs may bring claims against private entities, like ACH, who perform traditional state functions like providing medical care to inmates or arrestees. *Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function"); *Street v.*

*Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996) (treating a private prison corporation as a person for purposes of 42 U.S.C. § 1983). Thus, the only question regarding the amended complaint's futility is whether Plaintiff's proposed amended complaint states a claim for *Monell* liability against ACH.

i.

Plaintiff argues that Defendant ACH's *Monell* liability falls under a "failure to train or supervise" theory.[2] *See* ECF No. 30-2 at PageID.284–85; *see also City of Canton v. Harris*, 489 U.S. 378, 387 (1989). To succeed on a failure to train or supervise claim, Plaintiff must prove that (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of ACH's deliberate indifference; and (3) the inadequacy was closely related to or directly caused the injury. *Ellis ex rel. Pendergrass v. Cleveland Mun. School Dist.*, 455 F.3d 690, 700–01 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)).

There are "at least two situations in which inadequate training could be found to be the result of deliberate indifference." *Cherrington v. Skeeter*, 344 F.3d 631, 646 (6th Cir. 2003).

a.

First, a plaintiff can demonstrate deliberate indifference by showing that the municipality has failed to act "in response to repeated complaints of constitutional violations by its officers." *Id.* (quoting *Brown v. Shaner*, 172 F.3d 927, 931 (6th Cir. 1999)). Under this approach, Plaintiff must show that ACH was aware of "prior instances of unconstitutional conduct" such that ACH "was clearly on notice that the training in this particular area was deficient and likely to cause

---

[2] Plaintiff's first theory of ACH's *Monell* liability is a *respondeat superior* argument. ECF No. 30 at PageID.265 ("This theory is premised on Defendant Reynolds committing the underlying Constitutional deprivation."). But this theory fails, because it is well established "there is no *respondeat superior* municipal liability under § 1983." *See Crabbs v. Scott*, 800 F. App'x 332, 336 (6th Cir. 2020) (citing *Monell v. Dep't Soc. Servs.*, 463 U.S. 658, 691 (1978).

injury" and yet "ignored a history of abuse." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005). This is the most common way of proving deliberate indifference. *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 287 (6th Cir. 2020).

Plaintiff does not allege any "prior instances of unconstitutional conduct demonstrating that [ACH] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *See Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (citing *Fisher*, 398 F.3d at 849). Therefore, the amended complaint does not state a claim for relief under this theory. *See M.P. ex rel. Williams v. City of Oak Park*, No. 19-13501, 2021 WL 3566281, at *8 (E.D. Mich. Aug. 12, 2021) (citing *Miller*, 606 F.3d at 255).

**b.**

Second, ACH could be liable under *Monell* if Plaintiff can show that ACH was "deliberately indifference" by "fail[ing] to equip [its nurses] with specific tools to handle recurring situations." *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997). As the Supreme Court explained in *City of Canton*, "it may happen that in light of the duties assigned to specific . . . employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of [ACH] can reasonably be said to have been deliberately indifferent to the need." 489 U.S. at 390.

Under this approach of demonstrating deliberate indifference, Plaintiff does not need to show that ACH had notice of a pattern of unconstitutional conduct. *Shadrick v. Hopkins Cnty.*, 805 F.3d 724, 739 (6th Cir. 2015) (citing *Connick v. Thompson*, 563 U.S. 51, 63–64 (2011)). Instead, Plaintiff can show deliberate indifference based on "single-incident liability" if the risk of the constitutional violation was so obvious or foreseeable that ACH was deliberately indifferent for failing to prepare the on-call nurse for it. *Connick*, 563 U.S. at 63.

Plaintiff alleges "upon information and belief that ACH failed to train and supervise [Defendant] Reynolds regarding her role, duties, and responsibilities regarding ACH's duty to provide adequate medical care." ECF No. 30-2 at PageID.277. Specifically, Plaintiff alleges that ACH did not adequately train its nurses "regarding what acts to take upon being notified of Plaintiff's medical needs." *Id.* Plaintiff adds that if ACH's nurses "received proper training and/or supervision regarding [their] role as to [Plaintiff's] necessary medical care, particularly as Defendant OCJ did not employ any medical providers, the OCJ Corrections Officers would not have refused to provide Plaintiff with his critical medication." *Id.* at PageID.287–88. Plaintiff elaborates that ACH "maintained a custom of confusion and lack of supervision/communication between nursing staff like Defendant Kimberly Reynolds and OCJ Corrections Officers and this disconnect resulted in Plaintiff's [constitutional] violation(s) in failing to receive necessary medical care." *Id.* at PageID.288.

The record supports Plaintiff's allegations. Plaintiff alleges that the corrections officers did not give him his medication because the "nurse did not okay it."[3] ECF No. 30-2 at PageID.277. Based on that allegation, the officers contacted an ACH nurse, who then instructed the officers not to give Plaintiff his seizure medication. Defendant Reynolds testified that "standard practice would have been for her to call an ACH provider (someone who can decide to administer medication) and obtain approval as to whether the medication would be administered." ECF No. 30 at PageID.261; *see also* ECF No. 30-4 at PageID.302 (statement of Defendant Reynolds) ("It would be the doctor that worked for ACH at that time.").

---

[3] There are questions of fact regarding whether Defendant Reynolds, or any nurse, was on call while Plaintiff was detained. But those are issues for the trier of fact.

In this way, Defendant Reynolds has conceded that ACH trains its nurses on a process to determine whether to administer seizure medication to an inmate after a corrections officer contacts the on-call nurse with such an inquiry. "The failure to provide *any* training . . . is constitutionally inadequate." *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 289 (6th Cir. 2020) (emphasis added). But, as ACH's nurses "received *some* training," Plaintiff must "show that [ACH], through its policymaker(s), was on notice that, absent additional training, it was so highly predictable that [one if its nurses] would [fail to administer adequate medical care] as to amount to conscious disregard for [Plaintiff's] rights." *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 567 (6th Cir. 2011) (citing *Connick*, 563 U.S. at 71).

Such a claim would likely fail against police officers, as training police officers on "diagnosing the symptoms of emotional illness—falls far short of the kind of 'obvious' need for training." *City of Canton*, 489 U.S. at 396–97 (1989) (O'Connor, Scalia & Kennedy, JJ., concurring in part and dissenting in part). But for a private healthcare provider that specifically contracts to provide medical personnel to a prison for the purpose of approving medication requests for inmates, it is quite obvious that the provider would need to provide adequate training on making such decisions. Indeed, ACH "could be deliberately indifferent by failing to train [its nurses] in [whether to administer medication to an inmate after a corrections officer contacts the on-call nurse with such an inquiry,] because it is obvious that [its nurses] will need to [make such a determination] when [the on-call nurse receives such an inquiry]." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 701 (6th Cir. 2006) (citing *City of Canton*, 489 U.S. at 390 n.10).

Under this theory, Plaintiff has stated a viable "failure to train" *Monell* claim against ACH.

### ii.

Plaintiff also sufficiently pleads causation. ECF No. 30-2 at PageID.257–58, 266, 286 (alleging that Defendant ACH's deficient "policies, acts, and practices led to Plaintiff being deprived his constitutional right to receive adequate medical care" (first citing *North v. Cuyahoga Cnty.*, 754 F. App'x. 380 (6th Cir. 2018); and then citing *Stewart v. Warren Cnty. Bd. of Comm'rs*, 821 F. App'x. 564, n.4 (6th Cir. 2020))).

For these reasons, Plaintiff's motion to amend is not futile, he sufficiently pleads a *Monell* claim under 42 U.S.C. § 1983 against Defendant Advanced Correctional Healthcare, and his motion to amend the complaint will, therefore, be granted.

**III.**

Notably, Plaintiff submitted his reply one day late under the Eastern District of Michigan's local rules, and Defendant Reynolds's counsel impetuously filed a motion to strike the next day. *See* ECF No. 33. Plaintiff attempted to obtain the concurrence of Defendant Reynolds's counsel for the day-late filing, but Defendant Reynolds's counsel would only "agree to withdraw the Motion to Strike . . . if [Plaintiff's counsel] would agree to withdrawing [his] Motion to Amend with prejudice and to refrain from bringing a case against Advanced Correctional Healthcare." *See* ECF No. 34 at PageID.410–11.

This Court finds no prejudice. Plaintiff missed the filing deadline by one day. This Court was closed for one day, New Year's Eve, during Plaintiff's reply period, which also included New Year's Day. Moreover, Defendant's counsel attempted to leverage a one-day holiday-driven filing mistake by presenting an ultimatum to opposing counsel that directly contradicts the courts' policy to adjudicate claims on their merits. *See* ECF No. 34 at PageID.410–11.

Even so, this Court did not rely on Plaintiff's reply in deciding this Order, so Defendant's motion to strike is moot.

For these reasons, Defendant Reynolds's motion to strike will be denied as moot, and Plaintiff's reply will not be stricken. *Larsen v. Pine Ridge Operator, LLC*, No. 14-CV-12101, 2014 WL 6686777, at *5 (E.D. Mich. Nov. 26, 2014) ("[B]arring extreme circumstances the court has the discretion to allow submissions even where there is a failure to comply with the requirements of a local rule." (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 205 (6th Cir. 1998))).

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Amend the Complaint, ECF No. 30, is **GRANTED**.

Further, it is **ORDERED** that Defendant's Motion to Strike, ECF No. 32, is **DENIED AS MOOT**.

Dated: January 21, 2022                                        s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge