**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

Michael Victor

Case No: 1:20-cv-13218

     Plaintiff,

District Judge: Thomas L. Ludington
Magistrate Judge: Patricia T. Morris

v.

Reynolds, et al.

     Defendants.

---

| | |
|---|---|
| RASOR LAW FIRM, PLLC | CHAPMAN LAW GROUP |
| James B. Rasor (P43476) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 201 E. 4th St. | Attorney for Advanced Correctional |
| Royal Oak, MI 48067 | Healthcare, Inc. and Kimberly |
| (248) 543-9000 | Reynolds, L.P.N. |
| jbr@rasorlawfirm.com | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |

---

## DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC. AND KIMBERLY REYNOLDS, L.P.N.'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)

NOW COME Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC, and KIMBERLY REYNOLDS, L.P.N., (collectively "ACH Defendants") by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion to Quash Plaintiff's Notice of Deposition Duces Tecum state as follows:

1

1. On December 8, 2020, Plaintiff filed his original Complaint in this matter alleging that Defendant Kimberly Reynolds, L.P.N., violated his Eighth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (**ECF No. 1**).

2. On March 11, 2021, Defendant Kimberly Reynolds filed a Motion to Dismiss with an Affidavit of Non-Involvement attached. (**ECF No. 15**).

3. On May 20, 2021, the Court denied Defendant Kimberly Reynolds' Motion to Dismiss, and discovery was initiated. (**ECF No. 22**).

4. Following discovery of several key fact witnesses, Plaintiff moved to amend his Complaint to add L.P.N. Reynolds' employer, Advanced Correctional Healthcare, Inc. (hereinafter "ACH") as Defendant to this suit pursuant to a theory of *Monell* liability.

5. Plaintiff's *Monell* claim against ACH specifically alleges that ACH failed to train, monitor, and supervise L.P.N. Reynolds, which was the impetus behind Plaintiff's constitutional injury; or in the alternative, that ACH failed to train and staff an on-call provider. (**ECF No. 30-2, PageID.285-87**).

6. On February 25, 2022, ACH Defendants moved for Summary Judgment.

7. L.P.N. Reynolds moved for summary judgment on the basis that she was completely and entirely uninvolved with the facts of the case. (**ECF No. 45, PageID.493-500**).

8.  ACH moved for summary judgment on the basis that there is no genuine dispute of fact that there was an on-call provider who was working the night that Plaintiff was detained at Otsego County Jail ("OCJ"), that there was a policy in place for OCJ Correctional Officers to contact the on-call provider to verify medication, the OCJ Correctional Officers were trained on the procedure, but nobody from OCJ contacted the ACH on-call provider about Plaintiff. (**ECF No. 45, PageID.501-02**).

9.  Within ACH Defendants' Motion for Summary Judgment, the procedure for contacting the ACH on-call provider is clearly provided (**ECF No. 45, PageID.501-02; ECF No. 45-10, PageID.590-91**); the fact that OCJ Correctional Officers are trained on the procedure is clearly evidenced (**ECF No. 45, PageID.501-02; ECF No. 45-10, PageID.591**); and evidence to support the fact that an ACH on-call physician, mid-level practitioner, and/or healthcare practitioner from ACH was never called as it relates to Plaintiff for the evening of April 27, 2019 and early morning hours of April 28, 2019, is clearly provided. (**ECF No. 45-10, PageID.591**).

10. On February 28, 2022, counsel for ACH Defendants were e-mailed a Fed. R. Civ. P. 30(b)(6) Deposition Notice by Plaintiff's counsel (**Exhibit A**), which was dated February 22, 2022.

11. Plaintiff subsequently sent counsel for ACH Defendants an e-mail containing a Deposition Notice on March 4, 2022, prior to a meet-and-confer, indicating that a deposition of an ACH designated representative was scheduled for March 23, 2022. (**Exhibit C**).

12. After discussion, it was agreed that a 30(b)(6) deposition would be stayed until after the depositions of Brian Webber, Tony Tallent, and Scott Musall were taken. (**Exhibit D**).

13. On March 24, 2022, the depositions of OCJ employees Brian Webber, Tony Tallent, and Scott Musall were taken. The testimony elicited provided even further <u>cumulative</u> evidence that Plaintiff's allegations against the ACH Defendants are wholly unsupported and there is no evidence to support Plaintiff's theory of liability against ACH Defendants.

14. On April 13, 2022, Plaintiff sent counsel for ACH Defendants an e-mail that had the same attached Deposition Notice from February 28, 2022, dated February 22, 2022, and signed by attorney Andrew Laurilla. (**Exhibit E**).

15. The Court should enter a protective order quashing Plaintiff's 30(b)(6) Deposition Notice, as Plaintiff seeks irrelevant and cumulative evidence that has already been provided to Plaintiff through less burdensome means, and such a deposition presents an undue burden on Defendant ACH given the pending Motion for Summary Judgment.

16. On April 20, 2022, Counsel for Defendants communicated with opposing counsel regarding the 30(b)(6) Deposition Notice and this Motion; opposing counsel expressly denied concurrence.

WHEREFORE, Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC., and KIMBERLY REYNOLDS, L.P.N., respectfully requests that this Honorable Court grant their Motion for a Protective Order quashing Plaintiff's 30(b)(6) Deposition Notice, or in the alternative to limit Plaintiff's 30(b)(6) Deposition Notice to issues that are relevant to the case at bar.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: April 27, 2022          /s/ Ronald W. Chapman Sr.
                               Ronald W. Chapman Sr. M.P.A.,
                               LL.M. (P37603)
                               Attorney for Defendant ACH and
                               Kimberly Reynolds, L.P.N.
                               1441 West Long Lake Rd., Suite 310
                               Troy, MI 48098
                               (248) 644-6326
                               rchapman@chapmanlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Michael Victor

      Plaintiff,

v.

Reynolds, et al.

      Defendants.

Case No: 1:20-cv-13218
District Judge: Thomas L. Ludington
Magistrate Judge: Patricia T. Morris

---

| RASOR LAW FIRM, PLLC | CHAPMAN LAW GROUP |
|---|---|
| James B. Rasor (P43476) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 201 E. 4th St. | Attorney for Advanced Correctional |
| Royal Oak, MI 48067 | Healthcare, Inc. and  Kimberly |
| (248) 543-9000 | Reynolds, L.P.N. |
| jbr@rasorlawfirm.com | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |

---

## BRIEF IN SUPPORT OF DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC. AND KIMBERLY REYNOLDS, L.P.N.'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)

## PROOF OF SERVICE

i

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES...................................................................... iii

INDEX OF EXHIBITS........................................................................... iv

STATEMENT OF ISSUES PRESENTED..................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT........ vi

I.   STATEMENT OF FACTS .............................................................1

II.  ARGUMENT...............................................................................2

   A.  Plaintiff's 30(b)(6) Deposition Notice Seeks Discovery of Information That Exceeds the Bounds of Fed. R. Civ. P. 26(b)(1)......................................2

     1.  Request No. 1. ...............................................................2

     2.  Request No. 2. ...............................................................4

     3.  Request No. 3. ...............................................................4

     4.  Request No. 4. ...............................................................5

     5.  Request No. 5. ...............................................................6

     6.  Request No. 6. ...............................................................6

     7.  Request No. 7. ...............................................................7

     8.  Request No. 8. ...............................................................7

III.   CONCLUSION AND RELIEF SOUGHT..........................................8

## <u>INDEX OF AUTHORITIES</u>

**<u>RULES</u>**                                                                                   **<u>PAGE</u>**

Fed. R. Civ. P. 26(b) ........................................................................ vi, vii, 2

Fed. R. Civ. P. 26(c)............................................................................... vi

Fed. R. Civ. P. 30(b)(6).............................................................. 3, vi, 1, 2

## **INDEX OF EXHIBITS**

**EXHIBIT A**      Plaintiff's Notice of Taking 30(b)(6) Deposition of Representative of Advanced Correctional Healthcare, Inc., dated February 22, 2022

**EXHIBIT B**      Defendant Advanced Correctional Healthcare, Inc.'s Responses to Plaintiff's First Interrogatories and Requests for Production of Documents, dated April 20, 2022

**EXHIBIT C**      Plaintiff's Notice of Taking 30(b)(6) Deposition of Representative of Advanced Correctional Healthcare, Inc., dated March 4, 2022

**EXHIBIT D**      Plaintiff's Email Staying 30(b)(6) Deposition, dated March 14, 2022

**EXHIBIT E**      Plaintiff's Email Requesting 30(b)(6) Deposition, dated April 13, 2022

iv

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.  WHETHER THE COURT SHOULD QUASH PLAINTIFF'S NOTICE FOR A FED. R. CIV. P. 30(B)(6) DEPOSITION?

DEFENDANTS ANSWER:          YES.
PLAINTIFF ANSWERS:           NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Fed. R. Civ. P. 26(c) provides that "[a] party or person from whom discovery is sought may move for a protective order in the court where the action is pending…" The effect of such an order can include "(A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery. . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters…" Fed. R. Civ. P. 26(c)(1)(A-D).

Fed. R. Civ. P. 30(b)(6) provides an avenue for a public or private corporation to be named as a deponent. "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before, or promptly after the notice is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6).

Fed. R. Civ. P. 26(b) governs the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## I.  <u>STATEMENT OF FACTS</u>

On February 28, counsel for ACH Defendants were e-mailed a Fed. R. Civ. P. 30(b)(6) Deposition Notice by Plaintiff's counsel (**Exhibit A**). After discussion during which the undersigned counsel raised concerns as to the scope and relevance of the testimony sought, it was agreed that a 30(b)(6) deposition would be stayed until after the depositions of Brian Webber, Tony Tallent, and Scott Musall were taken.

On March 24, 2022, the depositions of OCJ employees Captain Brian Webber, CO Tony Tallent, and CO Scott Musall were taken. The testimony elicited during each deposition provided further cumulative evidence which completely undermines Plaintiff's allegations against the ACH Defendants and undermines the theories of liability as the allegations relate to the ACH Defendants. (**See ECF No. 49; ECF No. 50**). Even though Plaintiff does not have any evidence to supports his claims against ACH Defendants after having taken the deposition of every fact witness that may have knowledge about the material facts of the case, Plaintiff now seeks a 30(b)(6) Deposition of an ACH corporate representative.

Plaintiff's Deposition Notice sets out eight matters/topics for which deposition testimony from an ACH representative is sought. (**Exhibit A**). The undersigned counsel initially conferred with Plaintiff's counsel on March 14, 2022 to discuss the matter. It was agreed that the deposition would be stayed until after

1

the depositions of CO Tallent and CO Musall, as well as Captain Webber. (**Exhibit D**). Following the initial stay, Plaintiff's counsel sent an identical deposition notice on April 13, 2022, which was dated February 22, 2022 and signed by Attorney Andrew Laurila. (**Exhibit E**). Andrew Laurila was substituted from the case on April 5, 2022. (**See ECF No. 53**).

## II. ARGUMENT

Plaintiff seeks information that far exceeds the scope of discovery allowed by Fed. R. Civ. P. 26(b)(1). Furthermore, Plaintiff did not provide Defendant proper notice of the deposition and instead of rectifying the issue, Plaintiff scheduled the deposition without making _any_ attempt to confer with ACH as required by Fed. R. Civ. P. 30(b)(6).

### A. Plaintiff's 30(b)(6) Deposition Notice Seeks Discovery of Information That Exceeds the Bounds of Fed. R. Civ. P. 26(b)(1).

1. Request No. 1.

Plaintiff seeks deposition testimony from an ACH-designated representative regarding "ACH's Policies, procedure, and practices for healthcare providers (including an on-call provider) being staffed to provide medical care, including providing medication, at Otsego County Jail from January 1, 2019, to January 1, 2021." (**Exhibit A, p. 2**). Importantly, Plaintiff's allegations in the Amended Complaint can be boiled down to either a claim that ACH failed to train employees

2

on the on-call procedures, or alternatively that ACH failed to staff an on-call provider. (**ECF No. 30-2, PAgeID.286-87**).

Plaintiff has already been provided all relevant information as to ACH's policies and procedures and there are no outstanding disputes of material fact regarding the discovery Plaintiff seeks. First, Plaintiff was provided the contract executed between OCJ and ACH that ensures that ACH has an on-call provider scheduled to provide on-call medical services to OCJ twenty-four hours a day, seven days a week. (**ECF No. 45, PageID.490;** *see* **ECF No. 45-1, Page 4**). Captain Webber, the jail administrator at OCJ, provided an affidavit detailing the process for how an OCJ CO is to contact the ACH on-call provider, the requirement that OCJ CO's fill out an ACH Provider Form when contacting the provider, and affirming that OCJ COs were trained on the procedure. (**ECF No. 45-10, PageID.590-91**). Furthermore, the affidavit confirms that <u>an OCJ employee never called the ACH on-call provider on April 27, 2019, or April 28, 2019, regarding Plaintiff's medical care</u>. (**ECF No. 10, PageID.591**). The factual statements from Captain Webber's Affidavit were further supported by his deposition testimony. (**ECF No. 49-4; PageID.787-791**).

Any further discovery into this issue is cumulative and duplicative and would not lead to any relevant discovery <u>given the fact that the ACH on-call provider was never actually called to provide Plaintiff medical attention</u>.

2.  Request No. 2.

Plaintiff's second matter/topic for deposition testimony pertains to ACH staffing information. Specifically, "staffing information (including the identities and days worked) for on-call providers scheduled to be on call and who was on call at Otsego County Jail from January 1, 2019, to January 1, 2021." **Exhibit A, p. 2**. Plaintiff has already served a duplicative discovery request on ACH, seeking the identification of OCJ on-call providers during the timeframe relevant to Plaintiff's Amended Complaint. (**Exhibit B, Interrogatory #3**). Furthermore, Plaintiff was detained in the Otsego County Jail only from the early morning hours of April 28, 2019, until approximately 11:37 a.m. that same day. (**ECF No. 45, PageID.491-92**). Providers who were on call the hours, days, and weeks before and after Plaintiff was detained at OCJ is completely irrelevant to his claims. Therefore, the second request contained in the 30(b)(6) Deposition Notice is cumulative, duplicative, and seeks information that is largely irrelevant.

3.  Request No. 3.

Plaintiff's third matter/topic for testimony is regarding "ACH's supervisory policies, procedures and practices for any medical providers… who provided medical care at Otsego County Jail from January 1, 2019, to January 1, 2021." This request is unintelligible. It is impossible to discern the information that the request seeks. ACH Defendants should not have to remind Plaintiff that the burden imposed

4

upon Plaintiff in bringing a *Monell* claim is to <u>identify</u> an unconstitutional practice or policy and <u>connect</u> that unconstitutional practice or policy to the injury that occurred. This discovery request reads like a fishing expedition for a policy that Plaintiff can point to and does not coherently outline any specific information sought. Furthermore, to prepare an ACH representative to testify regarding "supervisory policies, procedures, and practices," whatever those may be, is unduly burdensome when there are other discovery tools at Plaintiff's disposal to discover actual policies themselves, should they exist.

        4.  <u>Request No. 4.</u>

Plaintiff seeks deposition testimony from an ACH representative regarding "[a]ll instances of complaints (either lawsuits or facility complaints) of either ACH providing inadequate medical care or having inadequate staffing for a prison where ACH was contracted by a prison facility in the Midwest region since 2017…" (**Exhibit B, p. 3**). Such a request is overbroad to the point of absurdity and is completely irrelevant to the issues presented in the case at bar. Plaintiff's allegations do not allege that Defendant ACH provided Plaintiff inadequate medical care. To the contrary, Plaintiff alleges that ACH's unconstitutional policies and procedures were the cause of Plaintiff not receiving any healthcare altogether. Complaints and lawsuits from different facilities throughout the "Midwest region since 2017" that alleges the provision of <u>inadequate medical care</u> is completely irrelevant.

5

Furthermore, to sufficiently prepare an ACH representative to testify regarding "all instances of complaints," which Plaintiff defines to include "lawsuits and facility complaints" is both unduly burdensome and completely impractical.

     5. Request No. 5.

Plaintiff's fifth request seeks deposition testimony from an ACH representative about instances where the on-call provider was contacted by Otsego County Jail personnel. First, the request itself would require ACH to prepare a representative to be knowledgeable about three (3) years of phone calls placed by an OCJ employee to an ACH on-call provider. There is little to no probative value in spending the considerable time and resources to discover three (3) years of on-call phone calls made and then prepare an ACH representative to testify as to those phone calls. Furthermore, the policy in place for an OCJ detainee to receive medical care from the ACH on-call provider is plainly stated in Captain Webber's affidavit. (**ECF No. 45-10**). Evidence of past instances where calls were made to the ACH on-call provider is not relevant at all to the case at bar, where there is no genuine dispute of fact that the ACH on-call provider was not in fact called about Plaintiff's healthcare.

     6. Request No. 6.

Plaintiff's sixth request would require ACH to prepare a representative to testify as to two (2) years of staffing schedules for ACH employees contracted to provide healthcare services to OCJ. It is difficult to imagine probative value in

obtaining deposition testimony about staffing schedules. Plaintiff has already requested ACH's staffing schedule at Otsego County Jail from the relevant timeframe in their requests for production. Preparing an ACH representative to testify about the same staffing schedules that Plaintiff has requested is duplicative and seems to serve no purpose other than to harass ACH with needlessly duplicative discovery.

       7.  <u>Request No. 7.</u>

Plaintiff's seventh request is duplicative of evidence that is already in Plaintiff's possession. Plaintiff has been provided the procedure for OCJ personnel to contact the ACH on-call provider regarding medical care. Furthermore, Plaintiff's seventh request seeks precisely the same information sought by an interrogatory recently served on Defendant ACH. (**Exhibit B, Interrogatory #1**). Requiring an ACH representative to testify precisely as to information that Plaintiff already has been provided discovery is needlessly duplicative and serves no other purpose than to harass ACH.

       8.  <u>Request No. 8.</u>

Plaintiff's eighth and final request is entirely irrelevant to his claims. The eighth request seeks deposition testimony of training that ACH medical personnel receive regarding their duties and work schedules as it pertains to the provision of medical care. Plaintiff's claims in the Amended Complaint allege that an ACH

policy or procedure that has yet to be named caused Plaintiff to not receive <u>any</u> medical care or attention while he was detained at OCJ. Therefore, evidence about duties providing medical care is not at all relevant when an ACH provider <u>was never called regarding Plaintiff's medical needs and Plaintiff never received medical attention while detained at OCJ</u>. Furthermore, Plaintiff has or should have knowledge that the contract between ACH and OCJ states that the nursing and provider schedules must be approved by the Sheriff. (**ECF No. 45-1, p. 4**). Any deposition testimony about this request would merely be a recital of the contract and would serve no probative value.

### III.   <u>CONCLUSION AND RELIEF SOUGHT</u>

WHEREFORE, Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC., and KIMBERLY REYNOLDS, L.P.N., respectfully requests that this Honorable Court grant their Motion for A Protective Order and to quash Plaintiff's 30(b)(6) Deposition Notice with prejudice.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: April 27, 2022

/s/ *Ronald W. Chapman Sr.*
Ronald W. Chapman Sr. M.P.A.,
LL.M. (P37603)
Attorney for Defendant ACH and
Kimberly Reynolds, L.P.N.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on April 27, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

/s/ *Ronald W. Chapman, Sr.*
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
rchapman@chapmanlawgroup.com