UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VICTOR,

        Plaintiff,

v.

KIMBERLY REYNOLDS and ADVANCED
CORRECTIONAL HEALTHCARE, INC.,

        Defendants.
_____/

Case No. 1:20-cv-13218

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, (3) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, (4) DECLARING THAT DEFENDANTS VIOLATED COURT ORDER, (5) DENYING DEFENDANTS' MOTION FOR SANCTIONS, (6) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, (7) GRANTING LEAVE FOR SUMMARY JUDGMENT, (8) DIRECTING DEFENDANTS TO TAKE FACTS AS TRUE, (9) ADJOURNING SCHEDULING ORDER, AND (10) DIRECTING DEFENDANTS TO PRODUCE DISCOVERY**

This matter is before this Court upon Plaintiff's objections to the Magistrate Judge's Report and Recommendation (R&R). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), this Court has reviewed *de novo* those portions of the R&R to which Plaintiff has objected.

Plaintiff's objections will be overruled, the R&R will be adopted, and Defendants will be sanctioned. They will also be put on notice that their next violation of any order of this Court *will* result in the more severe sanctions of default judgment, contempt, or both.

I.

Plaintiff Michael Victor alleges Defendants violated his Fourteenth Amendment rights and were grossly negligent by depriving him of seizure medication while he was in the Otsego County Jail. *Victor v. Reynolds*, 582 F. Supp. 3d 516, 519 (E.D. Mich. 2022). He alleges he suffers from

epilepsy and his mother brought his medication to the Otsego County Jail. ECF No. 1 at PageID.4. Plaintiff's mother allegedly asked Gaylord Police Officer Blake Huff to ensure that the medication was administered to Plaintiff, then Huff responded, "that because Plaintiff was intoxicated he would have to clear it with OCJ's nurse, Defendant Kimberly Reynolds." *Id.* at PageID.4–5. Plaintiff was released from custody at approximately 11:45 AM on April 28, 2019. *Id.* at PageID.6. Within minutes, he suffered a grand mal seizure, causing a broken jaw and "invasive surgery resulting in his mouth being wired shut for a month among various other damages." *Id.*

Plaintiff filed a motion to compel production of numerous phone records, staffing schedules, and other documents. ECF No. 54. Yet two months earlier, which was also two months before discovery would end, Defendants filed a motion for summary judgment. ECF No. 45.

In June 2022, Magistrate Judge Patricia T. Morris resolved Plaintiff's motion to compel, directing Defendants to produce relevant evidence on or before July 29, 2022. *See* ECF No. 64 (granting in part Plaintiff's motion to compel, Rule 56(d) motion, and motion to extend discovery). Because of that missing evidence, Plaintiff could not "present facts essential to justify [his] opposition" to Defendant's first motion for summary judgment. *See* FED. R. CIV. P. 56(d). So, three days before discovery would end, Defendants' first motion for summary judgment was denied, and the Parties were permitted to file a second round of motions for summary judgment on or before October 12, 2022. ECF No. 67 at PageID.1327. Discovery was scheduled to end on September 12, 2022. ECF No. 65.

Then Defendants again skirted a number of their discovery obligations. *See, e.g.*, ECF No. 83 at PageID.2007 ("Doctor Bresnahan brought almost none of the documents that Victor requested in his deposition notice."); *id.* at PageID.2016 ("ACH fails to establish that it could not [provide] documentation of '[a]ll instances of complaints . . . of' ACH either 'providing inadequate

- 2 -

medical care or having inadequate staffing for a prison facility in the Midwest region since 2017.'" (quoting ECF No. 69-2, PageID.1356–57)); *id.* at PageID.2018 ("Defendants violated (ECF No. 64) by providing neither staffing information, nor phone records (or identifying information that would enable [Plaintiff] to subpoena these records), of the two other individuals who were on call while [Plaintiff] was detained."). *See generally* ECF No. 69.

Seeking a sanction, Plaintiff filed a motion for default judgment. ECF No. 69. The same day, Defendants filed their second motion for summary judgment. ECF No. 70. Then, Defendants filed a motion for Rule 11 sanctions against Plaintiff. ECF No. 77. The latter two motions were referred to Judge Morris for a report and recommendation. ECF Nos. 71; 81.

On October 13, 2022, Judge Morris issued an R&R based on two "true violations of this Court's order": Defendants failed (1) "to provide documented 'instances of complaints' regarding 'inadequate medical care'" and (2) "to provide the scheduling information and phone records of the backup practitioners." ECF No. 83 at PageID.2022. Therefore, she recommended that this Court "extend discovery, find that the Defendants partially violated the Court's order in (ECF No. 64), and warn Defendants that further violations . . . may result in more severe sanctions, including default judgment." *Id.* at PageID.2013. And she recommends that this Court "deny Defendants' Rule 11 motion for sanctions." *Id.* at PageID.2025.

Although the R&R provides that the Parties may object to and seek review of the R&R within 14 days of service, Defendants have not objected. *Id.* at PageID.2033; *accord* 28 U.S.C. § 636(b)(1)(C). They have therefore waived their rights to appeal Judge Morris's findings. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Plaintiff, however, has filed two objections. *See generally* ECF No. 84. Specifically, he argues (1) his motion for default judgment was timely, ECF No. 84 at PageID.2042–44, and that (2) Judge Morris should have recommended default judgment, ECF No. 84 at PageID.2044–47.

## II.

### A.

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Failure to file specific objections is a waiver of any further right of appeal. *Id.* at 155; *Howard*, 932 F.2d at 505; *Walters*, 638 F.2d at 950. Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021).

### B.

Plaintiff first objects that Judge Morris erred in finding that Plaintiff's Motion for Default Judgment was untimely. ECF No. 84 at PageID.2042–44.

But that objection will be overruled because Plaintiff "did not make that argument to Judge Morris." *Austin v. Stapleton*, No. 1:22-CV-11895, 2022 WL 4286847, at *3 (E.D. Mich. Sept. 15, 2022) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

### C.

Yet the finding of untimeliness was contrary to law. *See* 28 U.S.C. § 636(b)(1). The R&R found that Plaintiff "filed a Rule 37(b) motion for default judgment about two months after becoming aware that the Defendants violated an order compelling discovery, and almost an entire month after the close of discovery." *See* ECF No. 83 at PageID.2008–13. The R&R also found "no justification for [Plaintiff]'s tardiness," *id.* at PageID.2010, and opined that Plaintiff might have delayed filing the motion to shut Defendants' window for filing a new motion for summary judgment, *id.* at PageID.2011 n.2. For these reasons, the R&R recommends denying Plaintiff's Motion for Default Judgment as untimely or, alternatively, denying the Motion and "impos[ing] less severe sanctions." *Id.* at PageID.2008.

An improper standard of review was applied. The R&R provides that a Rule 37(b) motion requires a case-by-case analysis of whether the motion was filed "without unreasonable delay." ECF No. 83 at PageID.2009 (first citing *THEC Int'l v. Cohen Mohr LLP*, 301 F. Supp. 3d 1, 11–12 (D.D.C. 2018); then quoting *Williams v. Nationwide Ins.*, No. 12-13904, 2014 WL 12659422, at *5 (E.D. Mich. Apr. 29, 2014); and then citing *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 91 (D.D.C. 2008)). Many "[c]ourts have routinely held that 'unreasonable delay may render such a motion untimely.'" *Williams*, 2014 WL 12659422, at *4 (citations omitted) (quoting *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994). But not the Sixth Circuit Court of Appeals. *Cf. Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 212 F.R.D. 341, 344 (E.D. Ky. 2003) ("The Sixth Circuit Court of Appeals has expressly rejected the Seventh Circuit's position regarding the

timeliness of Rule 37 motions in *Kasuri*." (footnote omitted) (citing *Kasuri v. St. Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 855–566 (6th Cir. 1990))).

Like Rule 37(c), Rule 37(b) "is silent on the issue of timing." [1] *See* FED. R. CIV. P. 37(b); *Kasuri*, 897 F.2d at 856. Neither the text of Rule 37(b) nor the advisory committee's notes suggest that courts may deny a Rule 37(b) motion as untimely. Rather, Rule 37(b) was "broadened" to "provide comprehensively for enforcement of" "any order 'to provide or [to] permit discovery,'" and it was "amplified to provide for payment of reasonable expenses . . . . when a court order is disobeyed." FED. R. CIV. P. 37 advisory committee's note to 1970 amendment. And courts may issue Rule 37(b) sanctions *sua sponte*. *Prudential Def. Sols., Inc. v. Graham*, No. 20-11785, 2021 WL 4810498, at *9 (E.D. Mich. Oct. 15, 2021) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 n. 8 (1991)); *accord Fields v. Trinity Food Serv.*, No. 117CV01190SHMCGC, 2022 WL 662321, at *1 (W.D. Tenn. Mar. 4, 2022).

So, if anything, Rule 37(b) should be read with no time limit. Reading an extratextual time limit into Rule 37(b) would mean that the court is impermissibly "taking an ell beyond its inch." *Castanon v. UPS, Inc.*, No. 1:22-CV-11679, 2022 WL 3716037, at *5 (E.D. Mich. Aug. 26, 2022).

In sum, this Court may not deny Plaintiff's Motion for Default Judgment as untimely. But not for the reasons that Plaintiff provided. So Plaintiff's first objection will be overruled.

**D.**

Plaintiff also objects that Judge Morris erred by not recommending default judgment. ECF No. 84 at PageID.2044–47.

---

[1] For some consequences of allowing an oft-used federal rule to tumble along without clarification, see Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 Belmont L. Rev. 1, 11–16 (2022) ("The APA dictates that 'the court shall review the *whole record* or those parts of it cited by a party.' But the APA does not define the term 'whole record.' Thus, judges have been left to mold the contours, leading to inconsistency and unpredictability.").

The R&R found that Defendants failed (1) "to provide documented 'instances of complaints' regarding 'inadequate medical care'" and (2) "to provide the scheduling information and phone records of the backup practitioners." ECF No. 83 at PageID.2022.

To determine the appropriate sanctions for a violation of a discovery order, district courts weigh four factors:

> (1) whether a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery;
> (3) whether the party was warned that failure to cooperate could lead to the sanction; and
> (4) whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). These factors are applied more "stringently" if counsel, rather than the party, is responsible for the discovery violation. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997). Thus, dismissal is "usually inappropriate" if the plaintiff's attorney, rather than the plaintiff, is at fault. *Vinci v. Consol. Rail Corp.*, 927 F.2d 287, 287 (6th Cir. 1991) (per curiam) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

Defendants willfully refused to comply with the discovery order. Although they "finally produced some [evidence] in response to [Plaintiff's] repeated requests and the court's own order, they apparently did so in a haphazard fashion that hampered [Plaintiff's] counsel's efforts." *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 635 (6th Cir. 2006) (unpublished). With respect to the two discovery violations at issue, Defendant ACH's designated representative was unprepared by counsel, contrary to its obligations. ECF No. 69 at 1337–38. She repeatedly answered that counsel did not ask her to produce certain documents, that she did not bring or could not access several relevant documents, and that she did not even know the names of all the

employees on duty during the relevant time. *Id.* And, completely unprompted, defense counsel acknowledged his failures yet brazenly told Plaintiff's counsel, "You can file a motion, if you'd like." *Id.* at PageID.1338. Here now is the second such motion. *See* ECF No. 64 (granting in part Plaintiff's motion to compel).

Defendants' prolonged failure to cooperate with discovery requests and orders has prejudiced Plaintiff. Recall that this order is dealing with Defendants' *second* set of refusals to produce discovery. The first set was an apparent effort to impede Plaintiff's ability to respond to Defendants' hastily filed motion for summary judgment. *See* ECF No. 67. Then Defendants withheld the same discovery and filed a second motion for summary judgment—albeit with leave to do so. ECF No. 70. And, as explained later, the parties will be granted leave to file a third round of summary-judgment motions because of Defendants' obstructive efforts. *See* discussion *infra* Part III. So Defendants' efforts have now forced Plaintiff to incur the expense of numerous motions and proceedings that otherwise might not have been necessary, including a motion to compel, a Rule 56(d) motion, a motion for default judgment, and responsive briefs to three dispositive motions. In addition to the costs imposed on Plaintiff, Defendants also prejudiced him by impairing his ability to prosecute his case. *Cf. Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004) (unpublished) ("[T]he existence of prejudice is clear because he undermined defendants' ability to defend this case."); *accord Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 636 (6th Cir. 2006) (unpublished) ("[P]rejudice includes 'deprivation of information through non-cooperation with discovery' and need not include irremediable harm." (quoting *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994))).

As to the third factor, Defendants were put on notice of possible sanctions not only by Plaintiff's motion to compel but also by his motion for default judgment. *Tech. Recycling Corp.*, 186 F. App'x at 636 (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997))).

Yet the last factor does not warrant default judgment—the most significant sanction available. True, the order directing Defendants to comply with discovery "is hardly a 'sanction.'" *Id.* So this Court must first consider more conservative options. *Pepin v. Wisconsin Cent. Ltd.*, No. 2:19-CV-42, 2021 WL 5606974, at *5 (W.D. Mich. July 26, 2021) ("The Sixth Circuit has held that a district court should take '"measured" and "gradual" steps' to the ultimate sanction of dismissal." (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir. 1997))).

Defendants' errors would not be cured with mere attorney's fees. Defendants have already shown that they are unwilling to comply with orders of this Court. Indeed, even after Judge Morris found that Defendants violated her order, they have not produced what she directed. For the same reason, a stay would do nothing. Neither would striking Defendants' pleadings, because their first summary-judgment motion was denied for failing to comply with discovery requests. ECF No. 67.

Other than default judgment and contempt, the only sanction left is "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." *See* FED. R. CIV. P. 37(b)(2)(A)(i).

So, the parties will be directed that the following facts be provisionally taken as established for purposes of the action[2]:

---

[2] The two proposed established facts are largely based on Plaintiff's discovery requests and the nature of the factual issues underlying the information that Defendant refused to provide to Plaintiff. The two proposed facts are provisional because further discovery might narrow or clarify the details. For example, discovery might reveal that a corrections officer called Defendant Reynolds, which would warrant amending the sanctioned facts.

> (1) "ACH has had some instances of complaints that it either provided inadequate medical care or had inadequate staffing for a prison facility in the Midwest region since 2017."
> (2) "One of the corrections officers supervising Plaintiff's detention called one of ACH's employees to seek permission to administer Plaintiff's medication."

Accordingly, Plaintiff's second objection will be overruled. But Defendants will be sanctioned, so the R&R will be adopted.

### E.

Yet "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C); *accord Tech. Recycling Corp.*, 186 F. App'x at 638 ("Pursuant to Rule 37(b)(2), the district court was required to award defendants the fees they incurred as a result of plaintiffs' failure to obey discovery orders, unless one of the stated exceptions applied.").

Defendants have not argued that reasonable expenses or attorney's fees would be unjust. *See generally* ECF No. 74. Nor that their failures were substantially justified. *See id.* "[I]ndeed," as Judge Morris noted, "[Defendants] completely ignore[d the medical-complaints] issue in their response brief." ECF No. 83 at PageID.2016 (citing ECF No. 74). And their argument for not giving schedules and phone records "conflates policy with practice" to avoid discovery obligations. *Id.* at PageID.2017. And the record—particularly the deposition testimony—lends no reason to differentiate Defendants from their attorneys.

For these reasons, Defendants will be directed to pay reasonable expenses and attorney's fees caused by their failure to comply with Judge Morris's order compelling discovery. *See* FED. R. CIV. P. 37(b)(2)(C); ECF No. 64.

### III.

The R&R also outlines at least four genuine issues of material fact for which Defendants will be directed to produce relevant pieces of evidence. *See, e.g.*, ECF No. 83 at PageID.2032 (collecting genuine issues of material fact). Thus, Plaintiff's new briefing has again sufficiently demonstrated that he could not "present facts essential to justify [his] opposition" to Defendants' second Motion for Summary Judgment. *See* FED. R. CIV. P. 56(d).

For this reason, Defendants' second Motion for Summary Judgment will be denied. *See* FED. R. CIV. P. 56(d)(1). Yet it would be a manifest injustice not to permit Defendants to file a new motion for summary judgment after their first and second were denied for incomplete discovery. *See Thomas v. Lambert*, 587 F. Supp. 3d 635, 641 (E.D. Mich.), *recons. denied*, 594 F. Supp. 3d 889 (E.D. Mich. 2022); *see also Miner v. Ogemaw Cnty. Rd. Comm'n*, 594 F. Supp. 3d 912, 926 (E.D. Mich. 2022) ("Sixth Circuit policy 'values the disposition of cases on their merits.'" (quoting *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006))). So the Parties will be granted leave to file a third round of motions for summary judgment from January 31–February 27, 2023.

### IV.

Finally, the Parties jointly filed a motion to stay the case and to adjourn the scheduling order until their other pending motions are resolved. ECF No. 85.

But it will be denied as moot because the other motions were resolved above and the case must be adjourned to accommodate Defendants' violations and the sanctions for them.

### V.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 84, is **OVERRULED**.

Further, it is **ORDERED** that the R&R, ECF No. 83, is **ADOPTED**.

Further, it is **ORDERED** that Defendants' Motion for Rule 11 Sanctions, ECF No. 77, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 69, is **DENIED WITHOUT PREJUDICE**.

Further, it is **DECLARED** that Defendants **VIOLATED** this Court's Order, ECF No. 64.

Further, it is **ORDERED** that Defendants are **DIRECTED** under Rule 37(b)(2)(A)(i) to take the following facts as provisionally established for purposes of the above-captioned case:

> (1) "ACH has had some instances of complaints that it either provided inadequate medical care or had inadequate staffing for a prison facility in the Midwest region since 2017."
> (2) "At least one of the corrections officers called at least one of ACH's employees for approval to administer Plaintiff's seizure medication."

Further, it is **DECLARED** that Defendants are **NOTICED** that Defendants' next violation of any order of this Court *will* result in sanctions, including default judgment, contempt, or both.

Further, it is **ORDERED** that Defendants are **DIRECTED** to cure their discovery violations **on or before January 30, 2023**.

Further, it is **ORDERED** that Defendants' second Motion for Summary Judgment, ECF No. 70, is **DENIED**.

Further, it is **ORDERED** that the Parties are **GRANTED** leave to file motions for summary judgment **after January 31, 2023, and on or before February 27, 2023**.

Further, it is **ORDERED** that the Scheduling Order is **ADJOURNED** as follows:

| | |
|---|---|
| Discovery Cutoff: | January 30, 2023 |
| Settlement Conference: | February 13, 2023, at 4:00 PM EST |
| Motions Challenging Experts Due: | February 20, 2023 |
| Dispositive Motions Due: | February 27, 2023 |
| Rule 26(a)(3)(B) Disclosures Due: | May 18, 2023 |
| Motions in limine Due: | May 30, 2023 |
| Pretrial Disclosures Due: | June 20, 2023 |
| Final Pretrial Conference: | June 27, 2023, at 3:00 PM EDT |

- 13 -

| Jury Trial: | July 18, 2023, at 8:30 AM EDT |

Further, it is **ORDERED** that the Parties' Joint Motion to Adjourn the Scheduling Order, ECF No. 85, is **DENIED AS MOOT**.

**This is not a final order and does not close the above-captioned case**.

Dated: January 5, 2023                          s/Thomas L. Ludington
                                                                        THOMAS L. LUDINGTON
                                                                        United States District Judge