## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

MICHAEL VICTOR,

     *Plaintiff,*

                            CASE NO. 1:20-cv-13218

*v.*

                            DISTRICT JUDGE THOMAS L. LUDINGTON
KIMBERLY REYNOLDS;      MAGISTRATE JUDGE PATRICIA T. MORRIS
ADVANCED CORRECTIONAL
HEALTHCARE, INC.;

     *Defendants.*

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT
## (ECF No. 104)

### I.   RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **DENY** Plaintiff's second motion for default judgment (ECF No. 104).

### II.   REPORT

#### A.   Introduction

The factual and procedural history of this case are set forth in the first Report and Recommendation (R&R) denying Plaintiff's initial motion for default judgment and need not be repeated here. (ECF No. 83). Since then, various objections and

1

motions for reconsideration have been addressed and the case is set for trial in February of 2024 at this time.

The instant motion claims that Defendants have still not fully complied with this Court's previous orders, i.e., ECF Nos. 64, 86.) Specifically, Plaintiff charges that although Defendants provided a "Staffing Matrix," it does not indicate "which of these employees had worked on the night in question." (ECF No. 104, at PageID.2520.) Plaintiff states that "[w]hat is conspicuously missing, is time sheets, payroll logs, or any other related documents that would confirm the employees that would have been responsible for medical operations on the night in question." (*Id.*) Defendants respond that they have continued to supplement their responses and complied with the Court orders. (ECF No. 107, PageID.2564.) Specifically, Defendants contend that have provided the "staffing matrix," and noted that "ACH does not maintain any schedules for the on-call providers." (ECF No. 107, PageID.2567.) Since "doctors and nurse practitioners who can prescribe medications…are always on call – 24/7/365", [t]hey are not scheduled." (*Id.*) Thus, Defendants indicate they have given all they have. (ECF No. 107, PageID.2570.)

## B.    Analysis

Federal Rule of Civil Procedure 37 provides courts with a two-pronged tool to resolve discovery disputes.   Under subsection (a), courts may issue orders

compelling discovery when parties dispute whether information falls within the scope of discovery. Fed. R. Civ. P. 37(a). If that fails, subsection (b) grants courts the power to impose a wide range of sanctions, from simple warnings up to dismissal or default judgment. Fed. R. Civ. P. 37(b)(2)(A).[1]

Before the Court can impose sanctions on the Defendants, it must first find that they violated the Court's discovery order. *Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008). In the instant case, Defendants, who are represented by attorneys, i.e., officers of the court, have indicated that they have complied with the Court orders and they have given over to Plaintiff all that the Court orders demand. The Court must take them at their word. Assuming this is true, Defendants cannot give what they don't have. Thus, the Court cannot find that Defendants have clearly violated its orders. Accordingly, I recommend that the Order for default judgment as a sanction for alleged discovery violations be denied.

### C. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **DENY** Victor's second motion for default judgment. (ECF No. 104).

---

[1] Courts may impose sanctions under Rule 37(b)(2)(A) for violations of any order compelling discovery, not just orders under Rule 37(a). *Id.*

### III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."   Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 19, 2023                              s/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge