UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VICTOR,

    Plaintiff,

vs.

KIMBERLY REYNOLDS,
an individual; ~~OTSEGO COUNTY~~; ADVANCED CORRECTIONAL HEALTHCARE, INC.; ~~BLAKE HUFF, an individual; CITY OF GAYLORD~~,

    Defendants.

Case No. 20-cv-13218
Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

---

JAMES B. RASOR (P43476)
RASOR LAW FIRM PLLC
Attorneys for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067
(248) 543-9000/(248) 543-9050 (Fax)
jbr@rasorlawfirm.com

~~HAIDER A. KAZIM (P66146)
CUMMINGS, McCLOREY,
DAVIS &ACHO, P.L.C.
Attorneys for Otsego County
310 West Front Street, Suite 221
Traverse City, MI 49684
(231) 922-1888
hkazim@cmda-law.com~~

~~G. GUS MORRIS (P32960)
CHRISTOPHER J. RAITI (P68600)
**McGRAW MORRIS P.C.**
Attys for Defs. City of Gaylord andHuff
2075 W. Big Beaver Road, Ste. 750
Troy, MI 48084
(248) 502-4000/(248) 502-4001 (Fax)
gmorris@mcgrawmorris.com
craiti@mcgrawmorris.com~~

RONALD W. CHAPMAN Sr. (P37603)
CHAPMAN LAW GROUP
Attorney for Kimberly Reynolds and
Advanced Correctional Healthcare, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

---

### **PLAINTIFF'S MOTIONS IN LIMINE**

1

NOW COMES, Plaintiff Michael Victor, by and through his attorneys, RASOR LAW FIRM, PLLC, and requests this Court to limit or prevent Defendant from introducing certain evidence at the time of trial in this matter.

Plaintiff sought concurrence to the relief sought in this motion pursuant to the local court rules, which was denied.

Plaintiff relies upon the attached brief in support of limiting the evidence to be introduced at trial by Defendant.

Respectfully submitted,

RASOR LAW FIRM, PLLC

/s/ *James B. Rasor*
James B. Rasor (P43476)
Attorney for Plaintiffs
201 E. Fourth Street
Royal Oak, MI 48067
248-543-9000
jbr@rasorlawfirm.com
Date: January 10, 2024

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VICTOR,

    Plaintiff,

vs.

KIMBERLY REYNOLDS,
an individual; ~~OTSEGO COUNTY~~; ADVANCED CORRECTIONAL HEALTHCARE, INC.; ~~BLAKE HUFF, an individual; CITY OF GAYLORD~~,

    Defendants.

Case No. 20-cv-13218
Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

---

JAMES B. RASOR (P43476)
RASOR LAW FIRM PLLC
Attorneys for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067
(248) 543-9000/(248) 543-9050 (Fax)
jbr@rasorlawfirm.com

~~HAIDER A. KAZIM (P66146)
CUMMINGS, McCLOREY, DAVIS &ACHO, P.L.C.
Attorneys for Otsego County
310 West Front Street, Suite 221
Traverse City, MI 49684
(231) 922-1888
hkazim@cmda-law.com~~

~~G. GUS MORRIS (P32960)
CHRISTOPHER J. RAITI (P68600)
**McGRAW MORRIS P.C.**
Attys for Defs. City of Gaylord andHuff
2075 W. Big Beaver Road, Ste. 750
Troy, MI 48084
(248) 502-4000/(248) 502-4001 (Fax)
gmorris@mcgrawmorris.com
craiti@mcgrawmorris.com~~

RONALD W. CHAPMAN Sr. (P37603)
CHAPMAN LAW GROUP
Attorney for Kimberly Reynolds and
Advanced Correctional Healthcare, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

**PLAINTIFF'S BRIEF IN SUPPORT OF THE MOTION IN LIMINE**

3

## *CONCISE STATEMENT OF ISSUES PRESENTED*

Whether this Court should exclude the following from admission at trial pursuant to the Federal Rules of Evidence?

Plaintiff says, "Yes."

Defendants presumably say, "No."

## STATEMENT OF CONTROLLING AUTHORITY

FED. R. EVID. 401

FED. R. EVID. 402

FED. R. EVID. 403

FED. R. EVID. 608

FED. R. EVID. 802

## INTRODUCTION

Plaintiff, Michael Victor, by and through his attorneys, respectfully submits this memorandum of law in support of his motion in limine to exclude certain evidence that it expects Defendant will offer at the trial of this action.

## ARGUMENT

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted); *see also Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005); see generally Fed. R. Evid. 104. In limine motions therefore serve the salutary goal of "streamlin[ing] trials and settl[ing] evidentiary disputes in advance." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

Generally speaking, relevant evidence is admissible and irrelevant evidence

is not. FED. R. EVID. 402. Relevant evidence is evidence that has any tendency to make the existence of a fact of consequence to the action more or less probable than it would be without the evidence. FED. R. EVID. 401. Otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or other factors not at issue here. FED. R. EVID. 403.

### ***PLAINTIFF'S MOTIONS IN LIMINE***

1. Defendant should be precluded from making any arguments or introducing evidence regarding Plaintiff's underlying arrest or prosecution in this case. The introduction of such evidence would be irrelevant, confusing to the jury, and highly prejudicial to the Plaintiff. FED. R. EVID. 403.

2. Defendant should be precluded from arguing personal opinions at trial concerning (among other things) the Plaintiff's motivation or reasons for bringing its case. *See United States v. Bess*, 593 F.2d 749, 753 (6th Cir. 1979) ("An attorney's job arguing a case before a jury is to persuade that body, based solely on the proof at trial and reasonable inferences that can be deduced therefrom. This rule applies to both civil and criminal cases and to both defense and prosecuting counsel.") Further, that counsel for the Defendant does not express his or her personal opinions regarding the case. Accordingly, this Court should preclude any statements by either

counsel that include or imply personal opinions regarding the case, especially opinions that Plaintiff's motivation for bringing the case is to "win the lottery" or to obtain financial compensation in an improper way.

3. That the lawsuit has been instigated, contrived, or encouraged by the Plaintiff's attorneys. Such an argument is demeaning to the profession. Any reference to the type or character of the legal practice of attorneys for Plaintiff or mention of attorneys not involved in this matter who are well known for advertising their services. Any such remarks would be extremely prejudicial, irrelevant, and would make it impossible for Plaintiff to receive a fair trial. FED. R. EVID. 401, 403.

4. That the Plaintiff or any other testifying witness has engaged in extraneous specific instances of bad conduct. Under the Federal Rules of Evidence, testimony concerning extraneous bad acts is inadmissible unless such acts are probative of untruthfulness. FED. R. EVID. 608.

5. Any reference to the probable testimony of a witness who is absent, unavailable, or not called to testify in this case. FED. R. EVID. 802.

6. Any evidence or arguments of the effect of the case, verdict, or judgment on the Defendant in regard to their financial capacity to pay.

7. Any argument that the jurors should put themselves in the position of Defendant. This includes any "Golden Rule Argument" or similar argument. *Loose*

*v. Offshore Navigation, Inc.*, 670 F.2d 493 (5th Cir. 1982).

8.  Any testimony as to what the law provides, and legal conclusions drawn by Defendant's witnesses regarding what the law requires. Instructing the jury on the law is the sole province of the Court and is not a subject upon which expert testimony is appropriate. FED. R. EVID., 402, 403.

9.  Any reference to the fact that the Plaintiff has filed a Motion in Limine requesting relief from the Court or that such relief has been granted by this Court. Any reference to this Motion in Limine or any relief that might have been granted would be so prejudicial as to deprive the Plaintiff of a fair trial.

## *CONCLUSION*

For the foregoing reasons, Plaintiff's motions in limine should be granted in their entirety.

Dated: January 10, 2024

Respectfully Submitted,

RASOR LAW FIRM, PLLC

/s/ *James B. Rasor*
**James B. Rasor (P43476)**
Attorney for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067
248-543-9000
jbr@rasorlawfirm.com

**PROOF OF SERVICE**

  The undersigned certified that a copy of the foregoing instrument was delivered to each of the attorneys of record and/or unrepresented and/or interested parties on **January 10, 2024,** at their respective addresses as disclosed in the pleadings on record in this matter by:

| | |
|---|---|
| ☐ US First Class Mail | ☐ Facsimile Transmission |
| ☐ Hand Delivery | ☐ UPS |
| ☐ Fed Ex | ■ Other: Efiling |

/s/ *Shelby DeFelice*
Shelby DeFelice