## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Michael Victor

        Plaintiff,

v.

Reynolds, et al.

        Defendants.

Case No: 1:20-cv-13218

District Judge: Thomas L. Ludington

Magistrate Judge: Patricia T. Morris

---

RASOR LAW FIRM, PLLC
James B. Rasor (P43476)
*Attorney for Plaintiff*
201 E. 4th St.
Royal Oak, MI 48067
(248) 543-9000
jbr@rasorlawfirm.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin K. Scarber (P64532)
*Attorneys for Advanced Correctional*
*Healthcare, Inc., and Kimberly*
*Reynolds, L.P.N.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com

---

## DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., AND KIMBERLY REYNOLDS, L.P.N.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM MAKING OR IMPLYING ANY ARGUMENTS AT TRIAL THAT DEFENDANTS MUST PROVE A NEGATIVE AT TRIAL

NOW COME Defendants ADVANCED CORRECTIONAL

HEALTHCARE, INC., AND KIMBERLY REYNOLDS, L.P.N.'S ("ACH

Defendants") by and through their attorneys, Chapman Law Group, and for their

Motion to Preclude Plaintiff from Making or Implying Any Arguments at Trial That Defendants Must Prove a Negative at Trial, state as follows:

1.     On December 8, 2020, Plaintiff Michael Victor filed his Complaint against Otsego County Jail ("OCJ"); the City of Gaylord on behalf of the Gaylord Police Department ("GPD"); Officer Blake Huff; and Kimberly Reynolds, L.P.N. (**ECF No. 1**). Plaintiff alleged that the Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth and/or Fourteenth Amendment rights by failing to administer his seizure medication. (***Id.***).

2.     On December 17, 2021, Plaintiff moved to amend his complaint. (**ECF No. 30**). Plaintiff's First Amended Complaint alleges that LPN Reynolds was deliberately indifferent to his serious medical needs and that Advanced Correctional Healthcare, Inc., and Otsego County are liable pursuant to *Monell*. (**ECF No. 30-2**).

3.     Specifically, Plaintiff alleges that LPN Reynolds and ACH somehow denied Plaintiff his seizure medications.  The crux of Plaintiff's case rests upon his claim that a corrections officer actually called LPN Reynolds and somehow Reynolds and ACH knew of Plaintiff's medical condition and denied medications.   In this regard, Plaintiff alleges:

> 26. While Plaintiff did not receive his medication, he continued to ask the Corrections Officers if he could have it; he was told that he could not because the "nurse did not okay it"; in other words, that she had been contacted by OCJ personnel.
>                               * * *
> 33.  At some point during the early morning of April 28, 2019 while Plaintiff was in OCJ and had not been given his medication, an officer

held out the medication in view of Plaintiff and taunted him saying, "we have your medication, but you can't have it."

34. Plaintiff was never provided any explanation while at OCJ for the specific denial of his medication, other than a vague reference to Defendant Reynolds prohibiting it.

\* \* \*

46. At all times relevant, Defendant knew that Plaintiff had a serious medical condition (seizures), had the ability to tell Corrections Officers to administer it, and knew of the risks that were associated with Plaintiff not receiving his medication, yet were deliberately indifferent to this known danger and failed to adequately provide critical medical care.

47. In lieu of providing Plaintiff his critical medication, Defendant Reynolds refused.  (Plt Amd. Cmplt, **ECF No. 38, PageID.434, 435, and 437**, ¶¶26,33-34,46-47).

\* \* \*

63. Defendant ACH, through its policies, procedures, regulations, or customs, or lack thereof, breached its duties, which amounted to reckless indifference towards the constitutional rights of pretrial detainees/arrestees, and toward Plaintiff [by]…Failing to properly train and/or supervise a nurse, such as Defendant Reynolds, or any other pertinent healthcare provider, to determine when he/she can or cannot dispense medication such as Plaintiff's seizure medications. (**ECF No. 38, PageID.442**, ¶63b).

4.      In a deliberate indifference case, Plaintiff bears the burden of proof at trial to prove the elements of his case.  See *Helphenstine v. Lewis Cty.*, 60 F.4th 305, 317 (6th Cir. 2023):  "[P]laintiff must show (1) that [he] had a sufficiently serious medical need and (2) that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known."

(citing *Brawner*, 14 F.4th 585, 596 (6ᵗʰ Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

5.     A "defendant is not required to 'prove a negative' . . . on an issue that the plaintiff must prove at trial." Instead, a Defendant only needs to "point to an absence of proof on plaintiff's part." *Senu-Oke v. Jackson State Univ.*, 283 F. App'x 236, 241 (5th Cir. 2008) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

6.     The rule that Plaintiff bears the burden of proving his claims at civil trial alleging the wrongful conduct of a defendant and that a defendant is not required to prove a negative at trial is fundamental and has been recognized in all aspects of litigation.  See *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 846 (6th Cir. 2004), holding: "Of course, requiring Trans Union to prove a negative would shift the burden of proof on an essential element of the underlying claim. It is ultimately incumbent upon Nelski to prove Trans Union did receive notice of the merger; Trans Union does not have to prove it did not."

7.     Similarly, in *Bunt v. Clarksville Montgomery Cty. Sch. Sys.*, No. 3:19-cv-01013, 2021 U.S. Dist. LEXIS 66632, at *37-38 (M.D. Tenn. Apr. 6, 2021), the court held:

> the defendant generally has no obligation to present documentation to prove a negative — that is, to prove that it did not retaliate against the plaintiff. Rather, the plaintiff at all times bears the burden of producing evidence and proving her claims. The plaintiff fails to recognize the difference between fact-based statements predicated on personal observation and unsubstantiated speculation. The latter—which is all she offers in support of her retaliation claim—does not qualify as evidence.

8.     See *Harper v. United States Beef Corp.*, No. 15-cv-3112, 2018 U.S. Dist. LEXIS 139096, at \*24 (C.D. Ill. July 23, 2018), recognizing the rule in plaintiff malpractice claims: "Defendant is not required to prove a negative, nor is it required to definitively prove the source of Mrs. Harper's esophageal condition."

9.     See *McCord v. T.J. Maxx Cos.*, No. 17-29-DLB-CJS, 2017 U.S. Dist. LEXIS 121213, at \*10 n.2 (E.D. Ky. Aug. 2, 2017), a negligence/premises liability claim wherein the plaintiff's strategy was to argue that the defendant could not disprove that a foreign substance was on the floor. The court held: "this argument confuses Lanier's burden-shifting framework. The Plaintiff is the one who must prove the existence of a foreign substance on T.J. Maxx's floor; T.J. Maxx is not required to prove a negative." *Id.*

10.     Therefore, under well-established law, Plaintiff Victor must prove at trial that LPN Reynolds was called by a corrections officer regarding Plaintiff's medications, made aware of Plaintiff's condition, and that LPN Reynolds denied the medications.  And Plaintiff must prove the same thing for any other alleged phone call or notice to any alleged ACH provider.  By law, Defendants are not required to prove a negative at trial, i.e., that they were not called about the medications.

11.     To allow Plaintiff to make any such arguments at trial, which are in direct contradiction to the law, would cause unfair prejudice to the Defendants, confuse the issues of proof for the jury, and mislead the jury.  Fed. R. Evid. 403.

12.     At the time of trial, Plaintiff should be precluded from making any opening statements or arguments to the jury in any manner that allege or suggest that Defendants cannot prove or cannot produce any evidence that they were (a) not called about Plaintiff's medications, (b) not made aware of his medical condition, or (c) that they did not deny his medications.  It is the Plaintiff that must prove that such things did occur, and he must do so only with *admissible* evidence at trial.

13.     "A motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

14.     Motions in limine are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

15.     The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, however, concurrence could not be obtained.

WHEREFORE     Defendants     ADVANCED     CORRECTIONAL HEALTHCARE, INC., and KIMBERLY REYNOLDS, L.P.N.  respectfully request that this Honorable Court grant this Motion and preclude Plaintiff from making any opening statements or arguments to the jury at trial that argue or imply that

Defendants must prove a negative at trial, i.e., that Plaintiff's allegations did not happen.  Specifically, Plaintiff should be precluded from arguing that Defendants cannot prove or cannot produce any evidence that they were (a) not called about Plaintiff's medications, (b) not made aware of his medical condition, or (c) that they did not deny his medications, and any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: January 10, 2024        /s/ *Devlin Scarber*
        Devlin K. Scarber (P64532)
        Attorneys for ACH Defendants
        1441 West Long Lake Rd., Suite 310
        Troy, MI 48098
        (248) 644-6326
        dscarber@chapmanlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Michael Victor

      Plaintiff,

v.

Reynolds, et al.

      Defendants.

Case No: 1:20-cv-13218
District Judge: Thomas L. Ludington
Magistrate Judge: Patricia T. Morris

---

| | |
|---|---|
| RASOR LAW FIRM, PLLC | CHAPMAN LAW GROUP |
| James B. Rasor (P43476) | Ronald W. Chapman Sr., M.P.A., |
| *Attorney for Plaintiff* | LL.M. (P37603) |
| 201 E. 4th St. | Devlin K. Scarber (P64532) |
| Royal Oak, MI 48067 | *Attorneys for Advanced Correctional* |
| (248) 543-9000 | *Healthcare, Inc., and Kimberly* |
| jbr@rasorlawfirm.com | *Reynolds, L.P.N.* |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

---

## BRIEF IN SUPPORT OF DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., AND KIMBERLY REYNOLDS, L.P.N.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM MAKING ANY ARGUMENTS AT TRIAL THAT DEFENDANT MUST PROVE A NEGATIVE AT TRIAL

i

## **<u>TABLE OF CONTENTS</u>**

INDEX OF AUTHORITIES ....................................................................................... iii

INDEX OF EXHIBITS ............................................................................................. iv

STATEMENT OF ISSUES PRESENTED .................................................................. v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........ vi

I.   STATEMENT OF RELEVANT FACTS ............................................................. 1

II.   LEGAL ARGUMENT ....................................................................................... 2

  A.  The underlying purpose of motions in limine is satisfied by granting
      Defendants' motion. ...................................................................................... 2

  B.  Plaintiff should be precluded at trial from arguing or implying to the jury that
      Defendants have a burden to prove a negative at trial, since it is in
      contradiction to the law, unfairly prejudices Defendants, and confuses and
      misleads the jury. ......................................................................................... 3

III.  CONCLUSION AND RELIEF SOUGHT ......................................................... 6

# <u>INDEX OF AUTHORITIES</u>

## C<small>ASES</small>

*Bunt v. Clarksville Montgomery Cty. Sch. Sys.*, No. 3:19-cv-01013, 2021 U.S. Dist. LEXIS 66632 ................................................................................................ vi, 4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ....... vi, 4

*Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) ..... vi, 4

*Harper v. United States Beef Corp.*, No. 15-cv-3112, 2018 U.S. Dist. LEXIS 139096, at *24 ............................................................................................................ vii, 5

*Helphenstine v. Lewis Cty.*, 60 F.4th 305, 317 (6th Cir. 2023) .................................... vi, 3

*Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) ........................... vi

*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997)... vi

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ..................................3

*Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984) ...................................................................................................... vi, 3

*McCord v. T.J. Maxx Cos.*, No. 17-29-DLB-CJS, 2017 U.S. Dist. LEXIS 121213, at *10 n.2 (E.D. Ky. Aug. 2, 2017) ................................................................... vii, 5

*Nelski v. Trans Union, LLC*, 86 F. App'x 840, 846 (6th Cir. 2004) ............................. vi, 4

*Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) .................................................3

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) .....3

*Senu-Oke v. Jackson State Univ.*, 283 F. App'x 236, 241 (5th Cir. 2008) .................... vi, 4

*United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) .......................... vi, 3, 4

*United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991) ........................................3

## R<small>ULES</small>

Fed. R. Evid. 403 .................................................................................................. vii, 5

## <u>INDEX OF EXHIBITS</u>

There are no exhibits to this motion.

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THIS COURT GRANT DEFENDANTS
ADVANCED CORRECTIONAL HEALTHCARE, INC.,
AND KIMBERLY REYNOLDS, L.P.N.'S MOTION IN
LIMINE TO PRECLUDE PLAINTIFF FROM MAKING
ANY ARGUMENTS AT TRIAL THAT DEFENDANT
MUST PROVE A NEGATIVE AT TRIAL?

Defendants Answer:                YES.
Plaintiff Answers:                NO.

**CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Motions *in limine* are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

In a deliberate indifference case, Plaintiff bears the burden of proof at trial to prove the elements of his case.  See *Helphenstine v. Lewis Cty.*, 60 F.4th 305, 317 (6th Cir. 2023): "[P]laintiff must show (1) that [he] had a sufficiently serious medical need and (2) that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." (citing *Brawner*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

A "defendant is not required to 'prove a negative' . . . on an issue that the plaintiff must prove at trial."  Instead, a Defendant only needs to "point to an absence of proof on plaintiff's part." *Senu-Oke v. Jackson State Univ.*, 283 F. App'x 236, 241 (5th Cir. 2008) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  See also *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 846 (6th Cir. 2004); *Bunt v.*

*Clarksville Montgomery Cty. Sch. Sys.*, No. 3:19-cv-01013, 2021 U.S. Dist. LEXIS 66632, at *37-38 (M.D. Tenn. Apr. 6, 2021); *Harper v. United States Beef Corp.*, No. 15-cv-3112, 2018 U.S. Dist. LEXIS 139096, at *24 (C.D. Ill. July 23, 2018); *McCord v. T.J. Maxx Cos.*, No. 17-29-DLB-CJS, 2017 U.S. Dist. LEXIS 121213, at *10 n.2 (E.D. Ky. Aug. 2, 2017).

Federal Rule of Evidence 403 allows a court to exclude evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

# I.    STATEMENT OF RELEVANT FACTS

On December 8, 2020, Plaintiff Michael Victor filed his Complaint against Otsego County Jail ("OCJ"); the City of Gaylord on behalf of the Gaylord Police Department ("GPD"); Officer Blake Huff; and Kimberly Reynolds, L.P.N. (**ECF No. 1**). Plaintiff alleged that the Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth and/or Fourteenth Amendment rights by failing to administer his seizure medication. (***Id.***).

On December 17, 2021, Plaintiff moved to amend his complaint. (**ECF No. 30**). Plaintiff's First Amended Complaint alleges that LPN Reynolds was deliberately indifferent to his serious medical needs and that Advanced Correctional Healthcare, Inc., and Otsego County are liable pursuant to *Monell*. (**ECF No. 30-2**).

Specifically, Plaintiff alleges that LPN Reynolds and ACH somehow denied Plaintiff his seizure medications.  In this regard, Plaintiff alleges:

> 26. While Plaintiff did not receive his medication, he continued to ask the Corrections Officers if he could have it; he was told that he could not because the "nurse did not okay it"; in other words, that she had been contacted by OCJ personnel.
>
> * * *
>
> 33.  At some point during the early morning of April 28, 2019 while Plaintiff was in OCJ and had not been given his medication, an officer held out the medication in view of Plaintiff and taunted him saying, "we have your medication, but you can't have it."
>
> 34. Plaintiff was never provided any explanation while at OCJ for the specific denial of his medication, other than a vague reference to Defendant Reynolds prohibiting it.

1

\* \* \*

46. At all times relevant, Defendant knew that Plaintiff had a serious medical condition (seizures), had the ability to tell Corrections Officers to administer it, and knew of the risks that were associated with Plaintiff not receiving his medication, yet were deliberately indifferent to this known danger and failed to adequately provide critical medical care.

47. In lieu of providing Plaintiff his critical medication, Defendant Reynolds refused.  (Plt Amd. Cmplt, **ECF No. 38, PageID.434, 435, and 437**, ¶¶26,33-34,46-47).

\* \* \*

63. Defendant ACH, through its policies, procedures, regulations, or customs, or lack thereof, breached its duties, which amounted to reckless indifference towards the constitutional rights of pretrial detainees/arrestees, and toward Plaintiff [by]…Failing to properly train and/or supervise a nurse, such as Defendant Reynolds, or any other pertinent healthcare provider, to determine when he/she can or cannot dispense medication such as Plaintiff's seizure medications. (**ECF No. 38, PageID.442**, ¶63b).

For reasons set forth above and below in the herein brief, any arguments at trial that Defendants must prove or produce evidence that Plaintiff's allegations did not occur, i.e., that Defendants must prove a negative, <u>should be precluded</u>.

## II.    <u>LEGAL ARGUMENT</u>

### A. **The underlying purpose of motions in limine is satisfied by granting Defendants' motion.**

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures –

2

including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

**B.  Plaintiff should be precluded at trial from arguing or implying to the jury that Defendants have a burden to prove a negative at trial, since it is in contradiction to the law, unfairly prejudices Defendants, and confuses and misleads the jury.**

In a deliberate indifference case, Plaintiff bears the burden of proof at trial to prove the elements of his case.  See *Helphenstine v. Lewis Cty.*, 60 F.4th 305, 317 (6th Cir. 2023): "[P]laintiff must show (1) that [he] had a sufficiently serious medical need and (2) that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an

unjustifiably high risk of harm that is either known or so obvious that it should be known." (citing *Brawner*, 14 F.4th 585, 596 (quoting *Farmer*, 511 U.S. at 836).

A "defendant is not required to 'prove a negative' . . . on an issue that the plaintiff must prove at trial." Instead, a Defendant only needs to "point to an absence of proof on plaintiff's part." *Senu-Oke v. Jackson State Univ.*, 283 F. App'x 236, 241 (5th Cir. 2008) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

The rule that Plaintiff bears the burden of proving his claims at civil trial alleging the wrongful conduct of a defendant and that a defendant is not required to prove a negative at trial is fundamental and has been recognized in all aspects of litigation. See Nelski *v. Trans Union, LLC*, 86 F. App'x 840, 846 (6th Cir. 2004), holding: "Of course, requiring Trans Union to prove a negative would shift the burden of proof on an essential element of the underlying claim. It is ultimately incumbent upon Nelski to prove Trans Union did receive notice of the merger; Trans Union does not have to prove it did not."

Similarly, in *Bunt v. Clarksville Montgomery Cty. Sch. Sys.*, No. 3:19-cv-01013, 2021 U.S. Dist. LEXIS 66632, at *37-38 (M.D. Tenn. Apr. 6, 2021), the court held:

> the defendant generally has no obligation to present documentation to prove a negative — that is, to prove that it did not retaliate against the plaintiff. Rather, the plaintiff at all times bears the burden of producing evidence and proving her claims. The plaintiff fails to recognize the difference between fact-based statements predicated on personal observation and unsubstantiated speculation. The latter—which is all she offers in support of [*38] her retaliation claim—does not qualify as evidence.

4

See *Harper v. United States Beef Corp.*, No. 15-cv-3112, 2018 U.S. Dist. LEXIS 139096, at *24 (C.D. Ill. July 23, 2018), recognizing the rule in plaintiff malpractice claims: "Defendant is not required to prove a negative, nor is it required to definitively prove the source of Mrs. Harper's esophageal condition."

See *McCord v. T.J. Maxx Cos.*, No. 17-29-DLB-CJS, 2017 U.S. Dist. LEXIS 121213, at *10 n.2 (E.D. Ky. Aug. 2, 2017), a negligence/premises liability claim wherein the plaintiff's strategy was to argue that the defendant could not disprove that a foreign substance was on the floor. The court held: "this argument confuses Lanier's burden-shifting framework. The Plaintiff is the one who must prove the existence of a foreign substance on T.J. Maxx's floor; T.J. Maxx is not required to prove a negative." *Id.*

Therefore, under well-established law, Plaintiff Victor must prove at trial that LPN Reynolds was called by a corrections officer regarding his medications, made her aware of Plaintiff's condition, and that she denied the medications. And Plaintiff must prove the same thing for any other alleged phone calls to any ACH providers. By law, Defendants are not required to prove a negative at trial, i.e., that they were not called about the medications.

To allow Plaintiff to make any such arguments at trial, which are in direct contradiction to the law, would cause unfair prejudice to the Defendants, confuse the issues of proof for the jury, and mislead the jury. Fed. R. Evid. 403.

For the foregoing reasons, at the time of trial, Plaintiff should be precluded from making any opening statements or arguments to the jury in any manner that allege or suggest

that Defendants cannot prove or cannot produce any evidence that they were (a) not called about Plaintiff's medications, (b) not made aware of his medical condition, or (c) that they did not deny his medications.  It is the Plaintiff that must prove that such things did occur, and he must do so only with *admissible* evidence at trial.

## III.   <u>CONCLUSION AND RELIEF SOUGHT</u>

WHEREFORE   Defendants   ADVANCED   CORRECTIONAL HEALTHCARE, INC., and KIMBERLY REYNOLDS, L.P.N.  respectfully request that this Honorable Court grant this Motion and preclude Plaintiff from making any opening statements or arguments to the jury at trial that argue or imply that Defendants must prove a negative at trial, i.e., that Plaintiff's allegations did not happen.  Specifically, Plaintiff should be precluded from arguing that Defendants cannot prove or cannot produce any evidence that they were (a) not called about Plaintiff's medications, (b) not made aware of his medical condition, or (c) that they did not deny his medications, any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: January 10, 2024             /s/ *Devlin Scarber*
                                    Devlin K. Scarber (P64532)
                                    Attorney for ACH Defendants
                                    1441 West Long Lake Rd., Suite 310
                                    Troy, MI 48098
                                    (248) 644-6326
                                    dscarber@chapmanlawgroup.com


## PROOF OF SERVICE

I hereby certify that on January 10, 2024, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

                                    /s/ *Devlin Scarber*
                                    1441 West Long Lake Rd., Suite 310
                                    Troy, MI 48098
                                    (248) 644-6326
                                    dscarber@chapmanlawgroup.com