**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Michael Victor | |
| Plaintiff, | Case No: 1:20-cv-13218 |
| | District Judge: Thomas L. Ludington |
| v. | Magistrate Judge: Patricia T. Morris |
| Reynolds, et al. | |
| Defendants. | |

| | |
|---|---|
| RASOR LAW FIRM, PLLC | CHAPMAN LAW GROUP |
| James B. Rasor (P43476) | Ronald W. Chapman Sr., M.P.A., |
| *Attorney for Plaintiff* | LL.M. (P37603) |
| 201 E. 4th St. | Devlin K. Scarber (P64532) |
| Royal Oak, MI 48067 | *Attorneys for Advanced Correctional* |
| (248) 543-9000 | *Healthcare, Inc., and Kimberly* |
| jbr@rasorlawfirm.com | *Reynolds, L.P.N.* |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC. AND KIMBERLY REYNOLDS, L.P.N.'S MOTION IN LIMINE TO LIMIT PLAINTIFF'S DAMAGES TO THOSE DIRECTLY RELATED TO HIS PHYSICAL INJURY**

NOW COMES Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC., and KIMBERLY REYNOLDS, L.P.N. (hereinafter "ACH Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion In Limine To Limit Plaintiff's Damages To Those Directly Related To His Physical Injury, state as follows:

1

1. On December 8, 2020, Plaintiff Michael Victor filed his Complaint against Otsego County Jail ("OCJ"); the City of Gaylord on behalf of the Gaylord Police Department ("GPD"); Officer Blake Huff; and Kimberly Reynolds, L.P.N. (**ECF No. 1**). Plaintiff alleged that the Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth and/or Fourteenth Amendment rights by failing to administer his seizure medication. (***Id.***).

2. On December 17, 2021, Plaintiff moved to amend his complaint. (**ECF No. 30**). Plaintiff's First Amended Complaint alleges that LPN Reynolds was deliberately indifferent to his serious medical needs and that Advanced Correctional Healthcare, Inc., and Otsego County are liable pursuant to *Monell*. (**ECF No. 30-2**).

3. In support of Plaintiff's claims, Plaintiff sat for a deposition on November 22, 2021, wherein he discussed in pertinent part his claimed damages and how the alleged violations of his rights have affected his life.

4. In his own words, Plaintiff unequivocally stated he did not suffer any damages beyond his physical injury and the at issue incident has not affected his life at all:

>  Victor, Michael, (Page 56:9 to 56:23)
>         56
>  9  Q.  All right. And how much time did you miss, did you
> 10     say, how many days did you miss from work?
> 11  A.  A week or two.
> 12  Q.  Do you know which it was, what do you think it is?
> 13  A.  Well, I don't know.
> 14  Q.  Okay. So it's --
> 15  A.  I don't want to give you the wrong answer.
> 16  Q.  Well, it's Sunday when you're being released.
> 17  A.  Yes.

```
18  Q.  So you obviously --
19  A.  So I missed that whole -- I for sure missed that whole
20      week of work.
21  Q.  Okay.  Do you remember staying home a weekend, and then
22      not going to work another Monday?
23  A.  I can't recall.
```

Victor, Michael, (Pages 57:21 to 58:1)
```
                57
21  Q.  Okay.  You know, Mike, are you -- you know, is it your
22      testimony here today that somehow you're different now
23      than you were before this incident, has this affected
24      you in some way, are you unable to work, do you have
25      diminished mental capacity?
                58
 1  A.  No.
```

Victor, Michael, (Page 61:1 to 61:14)
```
                61
 1  Q.  Okay.  I could have asked you this earlier, but you're
 2      not having any nightmares because of this injury --
 3  A.  No.
 4  Q.  -- or anything like that, correct?
 5  A.  Correct.
 6  Q.  And you told me you're not afraid of cops, right?
 7  A.  No, I'm not afraid of cops.
 8  Q.  Okay.  How has this incident changed your life?
 9  A.  It hasn't.
10  Q.  Okay.  So is it strictly -- as we sit here today, are
11      the medical, or the injuries as we call it, the damages
12      that you allege you suffered from this strictly the
13      physical injuries?
14  A.  Sitting here today, yes.
```
(**Ex A – Plaintiff's Deposition Transcript**). (Emphasis added.)

    5.    Fed. R. Civ. P. 9(g) states: "If an item of special damages is claimed, it must be specifically stated."

    6.    Federal district courts have authority to make in limine rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984).

7. Here, as Plaintiff has failed to identify or provide evidence of any other damages besides those directly related to his physical injury, (including no affect or change on his life, no inability to work, no diminished mental capacity, and only one week off of work), the Court should limit Plaintiff to only those such damages previously identified in Plaintiff's deposition and supported by documentary evidence, i.e. any out of pocket medical expenses, the above described non-economic damages directly related to the physical injury, and limited work loss of at most one to two weeks.

8. Moreover, as Plaintiff has previously disavowed any other damages, he should be precluded from testifying to any damages besides those described above. Any new testimony regarding previously un-identified categories of damages would be substantially prejudicial to defendants and only serve to confuse the jury as to what damages are truly recoverable in this matter.

9. Pursuant to Local rule 7.1 Defense counsel sought concurrence in the present motion on January 9, 2023. Plaintiff does not concur with the relief sought.

WHEREFORE, Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC., AND KIMBERLY REYNOLDS, L.P.N. respectfully request this Court Grant this Motion *in Limine,* and enter and order:

    A. limiting Plaintiff's damages to only those directly related to his physical injury previously identified in Plaintiff's deposition and supported by documentary evidence;

B. excluding all other damages not previously identified by Plaintiff;

C. precluding Plaintiff from making any reference, opening/closing statements, arguments, testimony, or jury demands related to affects or changes on Plaintiff's life, diminished mental capacity, inability to work, decrease in earning capacity, emotional distress damages, or any other previously unidentified special damages not directly related to the physical injury; and

D. granting such other relief as the Court deems just and equitable.

                                                Respectfully submitted,
                                                CHAPMAN LAW GROUP

Dated: January 10, 2024        /s/ *Devlin Scarber*
                                                Devlin K. Scarber (P64532)
                                                Attorneys for Defendant Advanced
                                                Correctional Healthcare, Inc., and
                                                Kimberly Reynolds, L.P.N.
                                                1441 West Long Lake Rd., Suite 310
                                                Troy, MI 48098
                                                (248) 644-6326
                                                dscarber@chapmanlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Michael Victor

    Plaintiff,

v.

Reynolds, et al.

    Defendants.

Case No: 1:20-cv-13218
District Judge: Thomas L. Ludington
Magistrate Judge: Patricia T. Morris

| RASOR LAW FIRM, PLLC | CHAPMAN LAW GROUP |
|---|---|
| James B. Rasor (P43476) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| *Attorney for Plaintiff* | Devlin K. Scarber (P64532) |
| 201 E. 4th St. | *Attorneys for Advanced Correctional Healthcare, Inc., and Kimberly Reynolds, L.P.N.* |
| Royal Oak, MI 48067 | |
| (248) 543-9000 | 1441 West Long Lake Rd., Suite 310 |
| jbr@rasorlawfirm.com | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC. AND KIMBERLY REYNOLDS, L.P.N.'S MOTION IN LIMINE TO LIMIT PLAINTIFF'S DAMAGES TO THOSE DIRECTLY RELATED TO HIS PHYSICAL INJURY**

i

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES..................................................................................... iii

INDEX OF EXHIBITS............................................................................................. iv

STATEMENT OF ISSUES PRESENTED................................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT........ vi

I.  STATEMENT OF RELEVANT FACTS ...........................................................1

II. LEGAL STANDARD..........................................................................................2

III. ARGUMENT .......................................................................................................3

   A.  *Plaintiff should be precluded from seeking any damages other than those testified to in his deposition.* ..................................................................................3

# **INDEX OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................................... 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546-47 (2007) ............................... 4, 5

*Blair v. Bd. of Trs. of Sugarcreek Twp.*, No. 3:07-CV-056, 2008 U.S. Dist. LEXIS 71666, at *12 (S.D. Ohio Sep. 22, 2008) .............................................................. 4

*Ceres Protein, LLC v. Thompson Mech. & Design*, No. 3:14-CV-00491-TBR-LLK, 2016 U.S. Dist. LEXIS 143765, at *32 (W.D. Ky. Oct. 17, 2016) ........................ 4

*Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) ........................... vi

*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997)... vi

*Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ................................. 3

*Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984) ........................................................................................................ vi, 3

*Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1088 (S.D. Ohio 2021) ............ 4

*Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ............................................... 3

*Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) ..... 3

*Roberts v. Graham*, 73 U.S. 578, 579, 18 L. Ed. 791 (1867) ................................... 4

*United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) .................................. 3

*United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991) ...................................... 3

*Ventas, Inc. v. Health Care Prop. Inv'rs, Inc.*, 635 F. Supp. 2d 612, 624 (W.D. Ky. 2009) ..................................................................................................................... 4

**RULES**

Fed. R. Civ. P. 9(g) .......................................................................................... vi, 3, 4

## **INDEX OF EXHIBITS**

There are no exhibits attached to this brief.

## **STATEMENT OF ISSUES PRESENTED**

I. WHETHER THE COURT SHOULD LIMIT PLAINTIFF TO CLAIMED DAMAGES FOR MEDICAL CARE RELATED TO HIS ALLEGED INJURY BASED ON PLAINTIFF'S OWN TESTIMONY.

    DEFENDANTS ANSWER:    YES.
    PLAINTIFF ANSWERS:    NO.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Fed. R. Civ. P. 9(g) states: "If an item of special damages is claimed, it must be specifically stated."

Federal district courts have authority to make in limine rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L. Ed. 2d 443 (1984). Motions in limine are generally used to ensure that trials are managed in an evenhanded and expeditious way by eliminating evidence that is clearly inadmissible for any purpose. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997).

## I.   STATEMENT OF RELEVANT FACTS

On December 8, 2020, Plaintiff Michael Victor filed his Complaint against Otsego County Jail ("OCJ"); the City of Gaylord on behalf of the Gaylord Police Department ("GPD"); Officer Blake Huff; and Kimberly Reynolds, L.P.N. (**ECF No. 1**). Plaintiff alleged that the Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth and/or Fourteenth Amendment rights by failing to administer his seizure medication. (***Id.***).

On December 17, 2021, Plaintiff moved to amend his complaint. (**ECF No. 30**). Plaintiff's First Amended Complaint alleges that LPN Reynolds was deliberately indifferent to his serious medical needs and that Advanced Correctional Healthcare, Inc., and Otsego County are liable pursuant to *Monell*. (**ECF No. 30-2**).

In support of Plaintiff's claims, Plaintiff sat for a deposition on November 22, 2021, wherein he discussed in pertinent part his claimed damages and how the alleged violations of his rights have affected his life. In his own words, Plaintiff unequivocally stated he did not suffer any damages beyond his physical injury and the out-of-pocket medical expenses related to same, and the at issue incident has not affected his life at all:

```
Victor, Michael, (Page 56:9 to 56:23)
                56
 9  Q.  All right.  And how much time did you miss, did you
10      say, how many days did you miss from work?
11  A.  A week or two.
12  Q.  Do you know which it was, what do you think it is?
13  A.  Well, I don't know.
14  Q.  Okay.  So it's --
```

1

```
15  A.  I don't want to give you the wrong answer.
16  Q.  Well, it's Sunday when you're being released.
17  A.  Yes.
18  Q.  So you obviously --
19  A.  So I missed that whole -- I for sure missed that whole
20      week of work.
21  Q.  Okay.  Do you remember staying home a weekend, and then
22      not going to work another Monday?
23  A.  I can't recall.
```

Victor, Michael, (Pages 57:21 to 58:1)
           57
```
21  Q.  Okay.  You know, Mike, are you -- you know, is it your
22      testimony here today that somehow you're different now
23      than you were before this incident, has this affected
24      you in some way, are you unable to work, do you have
25      diminished mental capacity?
```
           58
```
 1  A.  No.
```

Victor, Michael, (Page 61:1 to 61:14)
           61
```
 1  Q.  Okay.  I could have asked you this earlier, but you're
 2      not having any nightmares because of this injury --
 3  A.  No.
 4  Q.  -- or anything like that, correct?
 5  A.  Correct.
 6  Q.  And you told me you're not afraid of cops, right?
 7  A.  No, I'm not afraid of cops.
 8  Q.  Okay.  How has this incident changed your life?
 9  A.  It hasn't.
10  Q.  Okay.  So is it strictly -- as we sit here today, are
11      the medical, or the injuries as we call it, the damages
12      that you allege you suffered from this strictly the
13      physical injuries?
14  A.  Sitting here today, yes.
```
(**Ex A – Plaintiff's Deposition Transcript**). (Emphasis added.)

## II.    LEGAL STANDARD

The federal procedural and evidentiary rules that govern proceedings before the district court, as well as cases interpreting those rules, "all encourage, and in

2

some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) ("A motion *in limine* is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.") (internal quotation marks omitted).

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997). District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

### III. ARGUMENT
#### A. *Plaintiff should be precluded from seeking any damages other than those testified to in his deposition.*

Fed. R. Civ. P. 9(g) provides: "If an item of special damage is claimed, it must be specifically stated." Special damages "are those that, although resulting from the

3

commission of the wrong, are unusual for the claim in question and not normally associated with the claim." 2 Moore's Federal Practice—Civil § 9.08 (2019). In other words, "[s]pecial damages are those which are the natural but not the necessary consequence of the act complained of." *Blair v. Bd. of Trs. of Sugarcreek Twp.*, No. 3:07-CV-056, 2008 U.S. Dist. LEXIS 71666, at *12 (S.D. Ohio Sep. 22, 2008); citing *Roberts v. Graham*, 73 U.S. 578, 579, 18 L. Ed. 791 (1867) (special damages must be particularly averred so that the defendant may be notified of the charge and come prepared to meet it).

The purpose of Fed. R. Civ. P. 9(g) is to provide the opposing party fair notice of the damage sought for allegedly improper conduct. *Roberts v. Graham*, 73 U.S. 578, 579, 18 L. Ed. 791 (1867). Furthermore, in pleading special damages, Plaintiff must allege that "[t]he special damages <u>must be proximately caused by the improper conduct too</u>." *Ceres Protein, LLC v. Thompson Mech. & Design*, No. 3:14-CV-00491-TBR-LLK, 2016 U.S. Dist. LEXIS 143765, at *32 (W.D. Ky. Oct. 17, 2016); citing *Ventas, Inc. v. Health Care Prop. Inv'rs, Inc.*, 635 F. Supp. 2d 612, 624 (W.D. Ky. 2009). This adheres to the Supreme Court's plausibility pleading standard prescribed by *Twombly* and *Iqbal*, which requires that "the well-pled facts must be sufficient to 'raise a right to relief above the speculative level,' such that the asserted claim is '<u>plausible on its face</u>.'" *Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073,

4

1088 (S.D. Ohio 2021) (emphasis added); citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546-47 (2007).

Here, as outlined above, Plaintiff unequivocally limited his own damages to medical care related to his alleged injuries and denied any other impact on his life. Accordingly, were the Court to allow Plaintiff to add unidentified damages at this stage in litigation would amount to nothing less than trial by surprise. Accordingly, based on his own testimony the Court should limit Plaintiff's damages to limit Plaintiff to only those enumerated damages previously identified in Plaintiff's deposition and supported by documentary evidence, i.e. any out-of-pocket medical expenses, non-economic damages directly related to the physical injury, and limited work loss of at most two weeks.

WHEREFORE, Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., AND KIMBERLY REYNOLDS, L.P.N. respectfully request this Court Grant this Motion *in Limine,* and enter and order:

> A. limiting Plaintiff's damages to only those directly related to his physical injury previously identified in Plaintiff's deposition and supported by documentary evidence;
>
> B. excluding all other damages not previously identified by Plaintiff;
>
> C. precluding Plaintiff from making any reference, opening/closing statements, arguments, testimony, or jury demands related to affects or

changes on Plaintiff's life, diminished mental capacity, inability to work, decrease in earning capacity, emotional distress damages, or any other previously unidentified special damages not directly related to the physical injury; and

D. granting such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: January 10, 2024

/s/ *Devlin Scarber*
Devlin K. Scarber (P64532)
Attorney for Defendant Advanced
Correctional Healthcare, Inc., and
Kimberly Reynolds, L.P.N.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on January 10, 2024, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

/s/ *Devlin Scarber*
Devlin K. Scarber
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
dscarber@chapmanlawgroup.com