UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VICTOR,

    Plaintiff,

vs.

KIMBERLY REYNOLDS,
an individual; ~~OTSEGO COUNTY~~; ADVANCED CORRECTIONAL HEALTHCARE, INC.; ~~BLAKE HUFF, an individual; CITY OF GAYLORD~~,

    Defendants.

Case No. 20-cv-13218
Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

| JAMES B. RASOR (P43476) | RONALD W. CHAPMAN Sr. (P37603) |
|---|---|
| RASOR LAW FIRM PLLC | DEVLIN K. SCARBER (P64532) |
| Attorneys for Plaintiff | CHAPMAN LAW GROUP |
| 201 E. 4th Street | Attorney for Kimberly Reynolds and |
| Royal Oak, MI 48067 | Advanced Correctional Healthcare, Inc. |
| (248) 543-9000/(248) 543-9050 (Fax) | 1441 West Long Lake Rd., Suite 310 |
| jbr@rasorlawfirm.com | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO INSURANCE COVERAGE, PRIOR LAWSUITS, AND RESPONDEAT SUPRIOR**

    NOW COMES, Plaintiff Michael Victor, by and through his attorneys, RASOR LAW FIRM, PLLC, and for his Response to Defendant's Motion to

1

Preclude Reference to Insurance Coverage, Prior Lawsuits, and Respondeat Superior, states as follows:

1. Admitted, Plaintiff's Complaint speaks for itself.

2. Admitted, Plaintiff's motion and Amended Complaint speak for themselves.

3. As a general proposition, admitted.

4. The Rule speaks for itself.

5. The Rule speaks for itself.

6. The Rules speak for themselves.

7. The Rule speaks for itself.

8. Admitted, the cited precedent speaks for itself.

9. Admitted.

10. Admitted.

11. Denied. Fed. R. Evid. 404(b) allows for the admission of such evidence to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Such is the case herein. Moreover, this Court ordered that Defendants are directed to take the following fact as provisionally established: "ACH has had some instances of complaints that it either provided inadequate medical care or had inadequate staffing

for a prison facility in the Midwest region since 2017." Defendant did not appeal this finding, and it this Order is currently controlling.

12. Admitted that Fed. R. Evid. 408 would not be applicable.

13. Denied as untrue. There is substantial probative value (i.e. showing notice, lack of mistake, and knowledge) in the evidence of the prior complaints and lawsuits against the Defendant. Plaintiff alleges and will show at trial that Defendant has a policy, or lack of policies, in place that result in widespread denial of medical treatment of detainees.

14. Admitted that concurrence was denied.

WHEREFORE, for the reasons stated more thoroughly in the attached brief in support, Plaintiff respectfully requests that this Honorable Court denies Defendant's present motion.

Respectfully submitted,

RASOR LAW FIRM, PLLC

/s/ *James B. Rasor*
James B. Rasor (P43476)
Attorney for Plaintiffs
201 E. Fourth Street
Royal Oak, MI 48067
248-543-9000
jbr@rasorlawfirm.com

Date: January 24, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MICHAEL VICTOR,

    Plaintiff,

vs.

KIMBERLY REYNOLDS,
an individual; ~~OTSEGO COUNTY~~; ADVANCED CORRECTIONAL HEALTHCARE, INC.; ~~BLAKE HUFF, an individual; CITY OF GAYLORD~~,

    Defendants.

Case No. 20-cv-13218
Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

---

| | |
|---|---|
| JAMES B. RASOR (P43476)<br>RASOR LAW FIRM PLLC<br>Attorneys for Plaintiff<br>201 E. 4th Street<br>Royal Oak, MI 48067<br>(248) 543-9000/(248) 543-9050 (Fax)<br>jbr@rasorlawfirm.com | RONALD W. CHAPMAN Sr. (P37603)<br>DEVLIN K. SCARBER (P64532)<br>CHAPMAN LAW GROUP<br>Attorney for Kimberly Reynolds and<br>Advanced Correctional Healthcare, Inc.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO INSURANCE COVERAGE, PRIOR LAWSUITS, AND RESPONDEAT SUPRIOR

4

## **TABLE OF CONTENTS**

Table of Authorities………………………………………….…………...…6

Concise Statement of the Issue Presented……………………….…………..…8

Controlling Authority……………………………………………….………9

Relevant Facts……………………………………………………….……..10

Standard of Review……………………………………………….…….……11

Law & Argument……………………………...…………….…….……….12

Conclusion………………………………………………….….……………15

# **TABLE OF AUTHORITIES**

**Cases**

*Balbridge v. Jeffreys*,
  2009 WL 275669 (E.D. Mich. Feb. 5, 2009)……………………………14

*Black v. Columbus Pub. Schs.*,
  No.2:96-CV-326, 2007 WL 2713873, at * 2 (S.D. Ohio Sept 17., 2007)….12

*Dunn ex rel. Albery*,
  264 F.R.D. 266, 275 (E.D. Mich. Dec. 23, 2009)…………………………..12

*Glowacki ex rel D.K.G. v. Howell Public School Dist.*,
  2013 WL 3148272 (E.D. Mich. June 19, 2013)……………………………14

*Goldman v. Healthcare Mgt. Sys., Inc.*,
  559 F.Supp.2d 853, 873 (W.D.Mich.2008)………………………………...12

*Luce v. United States*,
  469 U.S. 38, 41 n.4, (1984)……………………………………………..……..11

*Oetman v. City of Grand Rapids*,
  No. 1:07-CV-125, 2009 WL 2242700 (W.D.Mich. July 22, 2009)…………12

*Sperberg v. Goodyear Tire & Rubber Co.*,
  519 F.2d 708, 712 (6th Cir. 1975)……………………………...…...……….11

*Stemler v. City of Florence*,
  126 F.3d 856, 865 (6th Cir. 1997)…………………………………………..14

*United States v. Blankenship*,
  775 F.2d 735,739 (6th Cir. 1985)……………………………………………13

*United States v. Certain Land Situated in the City of Detroit*,
  547 F.Supp. 680 (E.D. Mich.1982)……………………………………..……..11

*United States v. Vincent*,

     681 F.2d 462 (6th Cir. 1982)……………………………………………….13

**<u>Rules</u>**

Fed. R. Evid. 404(b)………………………………………………………………12

Fed. R. Evid. 401……………………………………………………….………13

Fed. R. Evid. 402……………………………………………………….………13

Fed. R. Evid. 403……………………………………………………………..…13

## *CONCISE STATEMENT OF ISSUES PRESENTED*

Whether prior complaints/lawsuits against the Defendant related to their denial of proper medical care are admissible pursuant to the exceptions in Fed. R. Evid. 404(b)?

Plaintiff says, "Yes."

Defendant says, "No."

## *STATEMENT OF CONTROLLING AUTHORITY*

Fed. R. Evid. 404(b) allows for the admission of such evidence to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

## INTRODUCTION

Plaintiff, Michael Victor, by and through his attorneys, respectfully submits this memorandum of law in support of his request that Defendant's motion in limine be denied.

## RELEVANT FACTS

This cause of action arises out of civil rights violations that occurred on April 28, 2019 while Plaintiff was being held overnight at Otsego County Jail and resulted in the denial of adequate medical care. Plaintiff's Amended Complaint alleges that Defendant ACH was contracted to provide healthcare services to this jail, and Defendant Reynolds was one of the medical professionals employed to provide such services.

Plaintiff's First Amended Complaint alleges that Defendant ACH's policies, procedures, regulations, and customs, or lack thereof, violated Plaintiff's constitutional rights. [ECF No. 38]. Plaintiff alleges various ways in which ACH was deliberately indifferent, including failing to supervise and train its employees concerning detainee's rights to receive necessary medical treatment.

As the Court knows, after extensive discovery-related motion practice, Defendant was ordered to produce documents that show instances of complaints of inadequate medical care. [ECF No. 86]. Moreover, this Court ordered that Defendants are directed to take the following fact as provisionally established:

10

**"ACH has had some instances of complaints that it either provided inadequate medical care or had inadequate staffing for a prison facility in the Midwest region since 2017."** Defendant did not appeal this finding, and it this Order is currently controlling.

Defendant did ultimately produce what it called a "Redacted Loss Run Sheet." (Ex. 1). This document, in summary, is 106 pages of complaints from jailed individuals who complained of inadequate medical care by ACH, several of which include failure to provide medication, which is the crux of the case herein.

### STANDARD OF REVIEW

Courts have the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 463 n.4, 83 Led.2d 443 (1984). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. *Id.*; See also, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), cert. denied, 423 U.S. 987 (1975). Use of motions in limine should be confined to very specific evidentiary issues of an extremely prejudicial nature. *United States v. Certain Land Situated in the City of Detroit*, 547 F.Supp. 680 (E.D. Mich.1982).

"Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). A court is generally better suited during trial to assess the value and utility of evidence. *Black v. Columbus Pub. Schs.*, No.2:96-CV-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept 17., 2007). The moving party has the burden of showing that the evidence in question is clearly inadmissible, and if the party fails to meet this burden, then evidentiary rulings should be deferred so that the issues may be resolved in the context of trial. *Id.* Thus, throughout this District, **"[t]he denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case."** *Dunn ex rel. Albery*, 264 F.R.D. 266, 275 (E.D. Mich. Dec. 23, 2009) (citation omitted); see also *Oetman v. City of Grand Rapids*, No. 1:07-CV-125, 2009 WL 2242700, at *1 (W.D.Mich. July 22, 2009) (citing *Goldman v. Healthcare Mgt. Sys., Inc.*, 559 F.Supp.2d 853, 873 (W.D.Mich.2008). Here, Defendant has failed to prove that the evidence is clearly inadmissible. Consequently, evidentiary rulings regarding the allegations in questions should be deferred to trial.

## ARGUMENT

First, Plaintiff does not intend to make arguments or mentions of Defendants' insurance. Second, Plaintiff is well aware of *Monell'*s holding regarding respondeat

superior. However, Plaintiff is unable to agree to have evidence of prior complaints and/or lawsuits excluded, for the reasons stated below.

Generally speaking, relevant evidence is admissible and irrelevant evidence is not. FED. R. EVID. 402. Relevant evidence is evidence that has any tendency to make the existence of a fact of consequence to the action more or less probable than it would be without the evidence. FED. R. EVID. 401. Otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or other factors not at issue here. FED. R. EVID. 403.

Fed. R. Evid. 404(b) allows for the admission of such evidence to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

In *United States v. Vincent*, 681 F.2d 462 (6th Cir. 1982), the Sixth Circuit created a two-prong test for the admission of evidence under Fed. R. Evid. 404(b). The Court must determine that the evidence is relevant. In other words it must relate to a matter which is "in issue," and must deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *United States v. Blankenship*, 775 F.2d 735,739 (6th Cir. 1985). If the Court determines that the relevancy criteria has been met the evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair

13

prejudice. *Blankenship, supra.*

Evidence of prior complaints and "specific pattern of complaints" can help establish "deliberate indifference" for purposes of civil rights claims. *Balbridge v. Jeffreys*, 2009 WL 275669 (E.D. Mich. Feb. 5, 2009); see also *Glowacki ex rel D.K.G. v. Howell Public School Dist.*, 2013 WL 3148272 (E.D. Mich. June 19, 2013)(prior complaints go to foreseeability of constitutional violations thus establishing deliberate indifference.). A plaintiff can establish deliberate indifference by showing the defendant "was aware of prior unconstitutional actions of its employees and failed to respond." *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997)("proof that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures.").

Here, a cursory review of Exhibit 1 shows that the evidence of prior complaints/lawsuits against Defendant is highly probative. Several of the complaints therein dealt with denial of medication leading to injury and illness. All of the complaints in Exhibit 1 show a pattern and policy of deliberate indifference. In this deliberate indifference action, Plaintiff will show that Defendant's policies, or lack thereof, and training, or lack thereof, was the cause of Plaintiff's foreseeable injuries. If Defendant tries to argue, which it surely will, that the incident herein was a one-time mistake of sorts, the prior complaints and lawsuits would serve to show their lack of mistake, knowledge, and failure to take corrective measures.

14

## CONCLUSION

WHEREFORE, Plaintiff requests that this Court deny Defendant's Motion in Limine, together with any and such further relief as this Court deems necessary and just.

Respectfully submitted,

RASOR LAW FIRM, PLLC

*/s/James B. Rasor*
James B. Rasor (P43476)
Attorney for Plaintiff
201 E. Fourth Street
Royal Oak, MI 48067
248-543-9000
jbr@rasorlawfirm.com

DATE: January 24, 2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2024, she caused this instrument to be served upon counsel of record using the ECF system.

*/s/Amanda Washburn*