Jury Instructions 20-13218

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VICTOR,

        Plaintiff,

v.

KIMBERLY REYNOLDS and ADVANCED
CORRECTIONAL HEALTHCARE, INC.,

        Defendants.
_____/

Case No. 1:20-cv-13218

Honorable Thomas L. Ludington
United States District Judge

**JURY INSTRUCTIONS**

# TABLE OF CONTENTS

I. GENERAL INSTRUCTIONS .................................................................................................. 3
   1.01 INTRODUCTION ............................................................................................................ 3
   1.02 JURORS' DUTIES .......................................................................................................... 3
   1.03 BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE ................................. 4
   1.04 MULTIPLE AND CORPORATE DEFENDANTS ......................................................... 4

II. EVALUATION OF THE EVIDENCE ................................................................................... 5
   2.01 EVIDENCE ..................................................................................................................... 5
   2.02 CONSIDERATION OF EVIDENCE .............................................................................. 5
   2.03 DIRECT AND CIRCUMSTANTIAL EVIDENCE ......................................................... 5
   2.04 CREDIBILITY OF WITNESSES ................................................................................... 6
   2.05 NUMBER OF WITNESSES ........................................................................................... 7
   2.06 PRIOR INCONSISTENT STATEMENT OF WITNESS ............................................... 7
   2.07 WITNESS WHO HAS BEEN INTERVIEWED BY AN ATTORNEY .......................... 7
   2.08 PRESENTATION OF WITNESSES/EXHIBITS ............................................................ 8
   2.09 LAWYER'S OBJECTIONS ............................................................................................ 8
   2.10 CONCLUSION TO EVALUATION OF EVIDENCE .................................................... 8

III. SUBSTANTIVE INSTRUCTIONS ........................................................................................ 9
   3.01 CONSTITUTIONAL CLAIMS, GENERALLY ............................................................. 9
   3.02 EIGHTH AMENDMENT DELIBERATE INDIFFERENCE OF SERIOUS MEDICAL NEED: DEFENDANT KIMBERLY REYNOLDS ..................................................................... 9
   3.03 MUNICIPAL LIABILITY: DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE CUSTOM OR PRACTICE AND FAILURE TO TRAIN ................................... 10
   3.04 ESTABLISHED FACTS ............................................................................................... 12

IV. AWARDING AND CALCULATING DAMAGES ............................................................. 13
   4.01 INTRODUCTION TO DAMAGES ............................................................................... 13
   4.02 COMPENSATORY DAMAGES ................................................................................... 13
   4.03 NONECONOMIC DAMAGES ..................................................................................... 14
   4.04 PUNITIVE DAMAGES ................................................................................................ 15
   4.05 FUTURE DAMAGES—REDUCTION TO PRESENT CASH VALUE ....................... 15
   4.06 MITIGATION OF DAMAGES ..................................................................................... 15
   4.07 EFFECT OF INFLATION ON FUTURE DAMAGES ................................................. 16
   4.08 CLOSING ARGUMENTS ............................................................................................ 16

V. DELIBERATIONS AND CONCLUDING INSTRUCTIONS ............................................ 17
   5.01 DELIBERATIONS AND VERDICT ............................................................................ 17
   5.02 RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS ................ 17
   5.03 EXHIBITS .................................................................................................................... 18
   5.04 JUROR NOTES ............................................................................................................ 18
   5.05 UNANIMOUS VERDICT REQUIRED ....................................................................... 18
   5.06 DUTY TO DELIBERATE ............................................................................................ 18
   5.07 VERDICT FORM ......................................................................................................... 19
   5.08 COURT HAS NO OPINION ........................................................................................ 19

## I.    GENERAL INSTRUCTIONS

**1.01 Introduction**

(1)    Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)    I will start by explaining your duties and the general rules that apply in every civil case.

(3)    Then I will explain the elements, or parts, of Mr. Victors' two claims.

(6)    Then I will explain some rules that you must follow in evaluating particular testimony and evidence.

(7)    And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(8)    Please listen very carefully to everything that I say.

(9)    I have given each of you a copy of these instructions for your use while deliberating. They are available to each of you. If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

**1.02 Jurors' Duties**

(1)    You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)    Your second duty is to take the law that I give you, apply it to the facts, and decide if Mr. Michael Victor has proven his claim against Advanced Correctional Healthcare, Inc. and his separate claim against Kimberly Reynolds by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)    The lawyers may talk about the law during their arguments. But if what they said is different from what I say, then you must follow what I say. What I say about the law controls.

(4)    Perform these duties fairly, with an open mind. Do not let any bias, sympathy, or prejudice that you might feel toward one side or the other influence your decision in any way.

### 1.03 Burden of Proof: Preponderance of the Evidence

(1) The burden is on the Plaintiff, Mr. Victor, to prove every essential element of his claims by a preponderance of the evidence. If Mr. Victor does not establish all essential elements of either of his claims by a preponderance of the evidence, you should find for the Defendant on that claim.

(2) To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

(3) This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Furthermore, this does not require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this.

(4) In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, unless otherwise instructed, you may consider the testimony of all witnesses and all exhibits received in evidence.

### 1.04 Multiple and Corporate Defendants

(1) This case involves two Defendants—an individual and a corporation. If you find one Defendant liable, it does not follow that the other Defendant is automatically liable, too. Each Defendant, including the corporation in this case, is entitled to present their own defenses and receive a fair trial.

## II. EVALUATION OF THE EVIDENCE

### 2.01 Evidence

(1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you might have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while testifying under oath, the exhibits that I allowed into evidence, and the stipulations, which are facts that the lawyers have agreed are true.

(3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

### 2.02 Consideration of Evidence

(1) You are to consider only the evidence in the case. In determining whether any fact has been proved, you must consider all of the evidence bearing on that fact without regard to which party produced the evidence.

(2) You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, then you are free to reach that conclusion.

(3) In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury may make reasonable inferences, unless otherwise instructed. Any inferences that you make must be reasonable and based on the evidence in the case.

### 2.03 Direct and Circumstantial Evidence

(1) Now, some of you might have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and

you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 2.04 Credibility of Witnesses

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

 (A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness might not have been able to see or hear what was happening and could make a mistake.

 (B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

 (C) Ask yourself if there was anything else that could have interfered with the witness's ability to perceive or remember the events.

 (D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

 (E) Ask yourself if the witness had any relationship to Mr. Victor, Ms. Reynolds, or Advanced Correctional Healthcare, or had anything to gain or to lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

 (F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, then ask yourself if this makes the witness's testimony less believable. Sometimes it might; other times it might not. Consider whether the inconsistency was about something important, or about some unimportant detail.

Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, then remember that people sometimes forget things, and that even two honest people who witness the same event might not describe it the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## 2.05 Number of Witnesses

(1) Another point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## 2.06 Prior Inconsistent Statement of Witness

(1) If you decide that a witness said something before this trial that is inconsistent with what the witness said during the trial, then you may consider the inconsistency to determine whether to believe the witness.

(2) But you may not consider the earlier statement as proof of the facts in this case unless:

(A) the statement was made by Mr. Victor, Ms. Reynolds, or another agent or employee of Defendant Advanced Correctional Healthcare.

(B) the statement was given under oath under penalty of perjury; or

(C) during the trial, the witness testified that the earlier statement was true.

## 2.07 Witness Who Has Been Interviewed by an Attorney

(1) It has been brought out that a lawyer, or someone representing a lawyer, has talked with a witness. There is nothing wrong with a lawyer or their representative talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

### 2.08 Presentation of Witnesses/Exhibits

The law does not require any party to call as witnesses all persons who might have been present at any time or place involved in the case, or who might appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### 2.09 Lawyer's Objections

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims that Mr. Victor asserts against Defendants Reynolds and Advanced Correctional Healthcare.

(2) The attorneys objected to some of the things that were said or done during the trial. Do not hold that against either side. The attorneys have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### 2.10 Conclusion to Evaluation of Evidence

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the claims that Plaintiff Michael Victor asserts against Defendants Kimberly Reynolds and Advanced Correctional Healthcare Inc.

### III. SUBSTANTIVE INSTRUCTIONS

#### 3.01 Constitutional Claims, Generally

(1) Plaintiff—Mr. Victor—asserts two claims under a civil rights law which provides a remedy for people who have had their rights violated by someone acting under the authority of law—42 U.S.C. § 1983. Mr. Victor brings one claim against Kimberly Reynolds and another against Ms. Reynolds' former employer, Advanced Correctional Healthcare, Inc. (ACH) alleging that both are responsible for withholding his anti-seizure medication from him while he was confined at Otsego Count Jail on April 28, 2019 and, thus, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. But Mr. Victor must prove different elements to succeed on each claim.

#### 3.02 Eighth Amendment Deliberate Indifference of Serious Medical Need: Defendant Kimberly Reynolds

(1) To succeed on his claim against Defendant KIMBERLY REYNOLDS, Mr. Victor must prove each of the following elements by a preponderance of the evidence:

> ***First***, Mr. Victor must prove that his prescription for the anti-seizure medication, Keppra was an objectively serious medical need. A serious medical need is a condition that a doctor would believe requires treatment or something so obvious that even someone who is not a trained doctor would recognize that it requires treatment.
>
> ***Second***, Mr. Victor must prove that Ms. Reynolds knew about his objectively serious medical need on April 28, 2019. Here, Mr. Victor must prove that Otsego County Jail staff contacted Ms. Reynolds and told her that Mr. Victor was epileptic, was prescribed anti-seizure medication, and that Mr. Victor's medication was available to give to him.
>
> ***Third***, Mr. Victor must prove that Ms. Reynolds consciously failed to provide him with his anti-seizure medication, Keppra. In deciding this element, you may consider the seriousness of Mr. Victor's medical need, and whether Ms. Reynolds had legitimate reasons to deny treatment. Because Ms. Reynolds is a medical professional, you may infer that she consciously failed to take reasonable measures if her actions or inactions were such a substantial departure from accepted professional judgment.
>
> ***Fourth***, Mr. Victor must prove that Ms. Reynolds acted "under the color of law." But all Parties agree this element is satisfied because ACH and its employees performed traditional state functions by providing for inmate healthcare.
>
> ***Fifth***, Mr. Victor must prove that Ms. Reynolds's deliberate conduct was the proximate cause of his injuries. If you find that Mr. Victor's injuries were the reasonably foreseeable result from Ms. Reynolds's conduct, you can conclude that her conduct was a proximate cause of his injuries. Proximate cause does not need to be the nearest cause either in time or location. And the law recognizes that there

may be more than one proximate cause of an injury. So, even if there are other proximate causes of Mr. Victor's injuries, if you find he has proven by a preponderance of the evidence that Ms. Reynolds's conduct was one of them, this element is satisfied.

(2) If you find that Mr. Victor has proved each of these elements by a preponderance of the evidence, then your verdict will be for Mr. Victor on his first claim, against Ms. Reynolds.

(3) If, on the other hand, you find that Mr. Victor failed to prove any one of these elements by a preponderance of the evidence, then your verdict will be for Ms. Reynolds on this claim.

### 3.03 Municipal Liability: Defendant Advanced Correctional Healthcare Custom or Practice and Failure to Train

(1) The instructions I am about to read apply to Mr. Victor's second claim, alleging Defendant ADVANCED CORRECTIONAL HEALTHCARE, INC. (ACH) violated his Eighth Amendment rights. Remember that Mr. Victor may succeed on his first claim against Ms. Reynolds but fail on his second claim against ACH, and vice versa. Each of Mr. Victor's claims should be considered separately.

(2) Defendant ACH cannot be held liable simply because it employed someone who violated Mr. Victor's constitutional rights.

(3) Mr. Victor may succeed against ACH in two different ways. I will explain the elements of each, but, importantly, Mr. Victor must only prove he has satisfied all of the elements of one of the following claims.

(4) The first claim that Mr. Victor asserts against ACH is known as a "custom or practice" theory. Mr. Victor can succeed on his claim against ACH under this theory by proving the following by a preponderance of the evidence:

> *First*, Mr. Victor must prove that his prescription for the anti-seizure medication, Keppra was an objectively serious medical need. As explained, a serious medical need is a condition that a doctor would believe requires treatment or something so obvious that even someone who is not a trained doctor would recognize that it requires treatment.
>
> *Second*, Mr. Victor must prove that an ACH employee knew about Mr. Victor's objectively serious medical need on April 28, 2019. Here, Mr. Victor must prove Otsego County Jail staff contacted an ACH employee and told the employee that Mr. Victor was epileptic, was prescribed anti-seizure medication, and that Mr. Victor's medication was available to give to him.
>
> *Third*, Mr. Victor must prove that the ACH employee consciously failed to provide him with his anti-seizure medication, Keppra. In deciding this element, you may consider the seriousness of Mr. Victor's medical need, and whether the ACH employee had legitimate reasons to deny treatment.

*Fourth*, Mr. Victor must prove that the ACH employee acted "under the color of law." But all Parties agree this element is satisfied.

*Fifth*, Mr. Victor must prove that, at the time of the deliberate indifference, ACH had a persistent and widespread custom or practice of withholding inmate medication, such that this custom or practice was effectively ACH's standard operating procedure. A persistent and widespread pattern may be a custom even if ACH has not formally approved it, so long as Mr. Victor proves by a preponderance of the evidence that ACH knew about the pattern and allowed it to continue.

*Sixth*, Mr. Victor must prove that ACH's custom or practice was the "moving force" behind his ultimate injury. In other words, Mr. Victor must show more than isolated instances of ACH employee misconduct and must, instead, show that ACH's persistent and widespread custom or practice caused an ACH employee to be deliberately indifferent to his serious medical need on April 28, 2019.

(5)  The second claim that Mr. Victor asserts against ACH is known as a "failure to train" theory. Mr. Victor can succeed on his claim against ACH under this theory by proving the following by a preponderance of the evidence:

*First*, Mr. Victor must prove that his prescription for the anti-seizure medication, Keppra was an objectively serious medical need. As explained, a serious medical need is a condition that a doctor would believe requires treatment or something so obvious that even someone who is not a trained doctor would recognize that it requires treatment.

*Second*, Mr. Victor must prove that an ACH employee knew about Mr. Victor's objectively serious medical need on April 28, 2019. Here, Mr. Victor must prove Otsego County Jail staff contacted an ACH employee and told the employee that Mr. Victor was epileptic, was prescribed anti-seizure medication, and that Mr. Victor's medication was available to give to him.

*Third*, Mr. Victor must prove that the ACH employee consciously failed to provide him with his anti-seizure medication, Keppra. In deciding this element, you may consider the seriousness of Mr. Victor's medical need, and whether the ACH employee had legitimate reasons to deny treatment.

*Fourth*, Mr. Victor must prove that the ACH employee acted "under the color of law." But all Parties agree this element is satisfied.

*Fifth*, Mr. Victor must prove that ACH employees would frequently respond to inmate requests for medication but that ACH's training program was inadequate to train its employees on how to respond to inmate mediation requests in a way that conforms to the standard of care.

*Sixth*, Mr. Victor must prove that ACH knew it was highly predicable that its employees would be deliberately indifferent to serious inmate medical needs without more or different training because there was a pattern of similar

    constitutional violations or it was highly predicable even without a pattern of similar constitutional violations.

    ***Seventh***, Mr. Victor must prove that ACH's inadequate training caused one of its employees to consciously disregard Mr. Victor's serious medical needs by withholding his anti-seizure medication.

(6)     If you find that Mr. Victor has satisfied either of the above theories by proving each element by a preponderance of evidence, then your verdict will be for Mr. Victor on his second claim, against ACH.

(7)     If, on the other hand, you find that Mr. Victor did not prove all elements of either of these two theories, then your verdict will be for ACH on Mr. Victor's second claim.

### 3.04 Established Facts

(1)     You are instructed to take the following facts as true: ACH has had some instances of complaints that it either provided inadequate medical care or had inadequate staffing for a prison facility in the Midwest region since 2017.

Jury Instructions 20-13218

## IV. AWARDING AND CALCULATING DAMAGES

### 4.01 Introduction to Damages

(1) If you find that Mr. Victor has proven his claim against either Defendant Kimberly Reynolds and/or Advanced Correctional Healthcare by a preponderance of the evidence, you must determine what, if any, damages he is entitled to receive. You should not interpret the fact that I am giving you instructions about Plaintiff's potential damages as an indication in any way that I believe he should or should not win this case. It is your task to decide whether Ms. Reynolds and Advanced Correctional Healthcare are liable. I am instructing you on damages only so that you will have guidance in the event that you decide that either Defendant is liable and that Mr. Victor is entitled to recover damages.

(2) I will outline the three types of damages you must determine: (1) compensatory damages; (2) noneconomic damages; and (3) punitive damages.

### 4.02 Compensatory Damages

(1) If you find in favor of Plaintiff on either or both of his claims against Ms. Reynolds or Advanced Correctional Healthcare, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of either Defendant's deliberate indifference of Plaintiff's serious medical need.

(2) Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

(3) You should consider the following types of compensatory damages, and no others:

(A) The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.

(B) The wages, salary, profits, or earning capacity that Plaintiff has lost and the present value of the wages, salary, profits, earning capacity that Plaintiff is reasonably certain to lose in the future because of a diminished ability to work.

(4) If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

**4.03 Noneconomic Damages**

(1) If you find that Mr. Victor is entitled to noneconomic damages, then you must determine the amount of money that reasonably, fairly, and adequately compensates him for each harm that you decide has resulted from either of Defendants' deliberate indifference, considering the nature and extent of Mr. Victor's injuries

(2) You should include each of the following elements of noneconomic damage that you decide Mr. Victor has sustained until today:

(a) Physical pain and suffering;

(b) Mental anguish;

(c) Denial of social pleasure and enjoyments;

(d) Depression and anxiety; and

(e) Embarrassment, humiliation, or mortification.

(3) You should include each of the following elements of noneconomic damage that you decide Mr. Victor is reasonably certain to sustain in the future:

(a) Physical pain and suffering;

(b) Mental anguish;

(c) Denial of social pleasure and enjoyments;

(d) Depression and anxiety; and

(e) Embarrassment, humiliation, or mortification.

(4) If any element of noneconomic damage is of a continuing nature, then you must decide how long it might continue. If an element of noneconomic damage is permanent in nature, then you must decide how long Mr. Victor is likely to live.

(5) Which, if any, of these elements of noneconomic damage has been proven is for you to decide based on the evidence and not upon speculation, guess, or conjecture. These noneconomic-damages elements cannot be proven in a precise dollar amount. So the law leaves such amounts to your sound judgment.

### 4.04 Punitive Damages

(1)  If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants Kimberly Reynolds and/or Advanced Correctional Healthcare, Inc. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

(2)  Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against either Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's healthcare or rights.

(3)  If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

  (A) the reprehensibility of Defendant's conduct;

  (B) the impact of Defendant's conduct on Plaintiff;

  (C) the relationship between Plaintiff and Defendant;

  (D) the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

  (E) the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

### 4.05 Future Damages—Reduction to Present Cash Value

(1)  If you decide Mr. Victor will sustain damages in the future, you must reduce that amount to its present cash value. The amount of damages you determine he will sustain the first year after the current year is to be divided by 1.05. The amount of damages you determine he will sustain the second year is to be divided by 1.10. The amount he will sustain the third year is to be divided by 1.15. You then continue to use a similar procedure for each additional year you determine Mr. Victor will sustain damages. The total of your yearly computations is the present cash value of Mr. Victor's future damages.

### 4.06 Mitigation of Damages

(1)  A person has a duty to use ordinary care to minimize his or her damages after he or she has been injured. It is for you to decide whether Mr. Victor failed to use such ordinary care and, if so, whether any damage resulted from such failure. You must not compensate Mr.

Victor for any portion of his damages which resulted from his failure to use such care.

### 4.07 Effect of Inflation on Future Damages

(1)   If you decide that Mr. Victor will sustain damages in the future, you may consider the effect of inflation in determining the damages to be awarded for future losses.

### 4.08 Closing Arguments

(1)   As a reminder, you will receive a copy of all instructions I have just read to you. Shortly, we will hear the closing arguments of the attorneys. Please pay attention to the arguments, but remember that the closing arguments are not evidence but are only intended to assist you in understanding the evidence and the theory of each party. You must base your decision only on the evidence.

(2)   Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if Mr. Victor has proven his claims against Defendant by a preponderance of the evidence.

**[ATTORNEYS GIVE CLOSING ARGUMENTS]**

## V. DELIBERATIONS AND CONCLUDING INSTRUCTIONS

### 5.01 Deliberations and Verdict

(1) Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer—in this case, Mr. Bryan Borodkin—or to me, or to anyone else except each other about the case. If you have any questions or messages, the jury foreperson must write them down on a piece of paper, sign them, and then give them to Bryan. Bryan will give them to me, and I will respond as soon as I can. I might have to talk to the lawyers about what you have asked, so it can take me some time to get back to you.

(4) Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4–4, or 6–2, or whatever your vote happens to be. That should stay secret until you are finished.

### 5.02 Research, Investigation, and Outside Communications

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

(2) For example, do not conduct any experiments inside or outside the jury room; do not bring any books like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3) During your deliberations, you may not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application—like a telephone, cell phone, smart phone, or computer—any internet, text, social-media, or instant-messaging service or application—like Facebook, Twitter, Instagram, WhatsApp, Snapchat, TikTok, or any other similar electronic service to communicate any information about this case or to conduct any research about this case until I accept your verdict.

(4) To be clear, you may not talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You may only discuss the case in the jury room with your fellow jurors during deliberations. In our judicial system, it is important that you are not influenced by anything or anyone. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**5.03 Exhibits**

(1)     I will send the exhibits into the jury room when it is time for you to begin your deliberations. If you want to see any exhibits that were admitted into evidence that might not have been sent into the jury room, use a note to make that request.

(2)     Any demonstrative exhibits that have been shown to you were used for convenience and to help explain the facts of the case. They are not evidence or proof of any facts in the case.

**5.04 Juror Notes**

(1)     If you elected to take notes during the trial, then your notes may only be used as memory aids. Do not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**5.05 Unanimous Verdict Required**

(1)     The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

(2)     You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

(3)     All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**5.06 Duty to Deliberate**

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just

      to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)    No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)    Listen carefully to what the other jurors have to say, and then decide for yourself if Mr. Victor has proven all elements of either of his claims by a preponderance of the evidence.

**5.07 Verdict Form**

(1)    I have prepared an original verdict form that you should use to record your verdict. It will be provided to you in a brown folder. Each of you has been furnished with a copy of the verdict form to aid you in your deliberations. However, when you reach your decision, your foreperson should complete only the official verdict form.

(2)    Follow the instructions on the form and fill in the answers to the questions by having your foreperson mark the appropriate place on the forms.

(3)    When you have completed the form according to the instructions, your foreperson should then sign the form, put the date on it, and return it to me.

(4)    Your verdict for each question on the verdict form must be unanimous.

(5)    To reach a unanimous verdict of "yes," all of you must agree that the party with burden of proof on that question has met their burden of proof by a preponderance of the evidence.

(6)    To return a unanimous verdict of "no," all of you must agree that the party with the burden of proof on that question has not met their burden of proof by a preponderance of the evidence.

**5.08 Court Has No Opinion**

      Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if Mr. Victor has proven that Defendants Kimberly Reynolds and/or Advanced Correctional Healthcare, Inc. were deliberately indifferent to his serious medical needs—in violation of the Eighth Amendment—by a preponderance of the evidence.