UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VICTOR,

        Plaintiff,                    Case No. 1:20-cv-13218

v.                                       Honorable Thomas L. Ludington
                                           United States District Judge

ADVANCED CORRECTIONAL
HEALTHCARE, INC.,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR TAXATION OF COSTS**

After this Court granted judgment as a matter of law in Defendant Advanced Correctional Healthcare (ACH)'s favor, it filed a bill of costs and a Motion for the Taxation of Costs under Civil Rule 54. But this Motion is unnecessary. By filing a bill of costs, the Clerk of Court will automatically assess taxable costs under Rule 54 and 28 U.S.C. § 1920. Plaintiff Michael Victor's pending appeal, without more, does not defer this determination. So ACH's Motion will be denied.

**I.**

On February 28, 2025, this Court granted judgment as a matter of law in Defendant Advanced Correctional Healthcare, Inc. (ACH), vacating a jury's Mach 2024 verdict that ACH was deliberately indifferent to Plaintiff Michael Victor's objectively serious medical needs in violation of Plaintiff's constitutional rights and 42 U.S.C. § 1983.[1] *Victor v. Advanced Corr. Healthcare, Inc.*, No. 1:20-CV-13218, 2025 WL 660827 (E.D. Mich. Feb. 28, 2025).

---

[1] For a thorough recitation of the background facts and procedural history of the above-captioned case, *see Victor v. Advanced Corr. Healthcare, Inc.*, No. 1:20-CV-13218, 2025 WL 660827, at *1–9, (E.D. Mich. Feb. 28, 2025).

On March 17, 2025, ACH simultaneously filed its Bill of Costs, ECF No. 198, and a Motion for the Taxation of Costs, seeking an order imposing a total of $7,182.44 in alleged qualifying costs against Plaintiff. ECF No. 199. And shortly after ACH filed its bill of costs and Motion for Taxation, Plaintiff appealed this Court's decision granting judgment as a matter of law in ACH's favor. *See* ECF No. 200.

## II.

Aside from attorney's fees, district courts have the discretion to award certain taxable costs to the "prevailing party" at the conclusion of litigation. FED. R. CIV. P. 54(d)(1). Those costs are enumerated by statute and include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; [and]
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title

28 U.S.C. § 1920. But under the Civil and Local Rules, only the clerk of court can tax these costs, and their assessment is automatic upon the filing of a bill of costs: no separate motion is necessary. *See* FED. R. CIV. P. 54(d)(1); E.D. Mich. R. 54.1 ("The clerk will tax costs under [Civil Rule] 54(d)(1)."). If either party is dissatisfied with the clerk's initial assessment, they may then file a motion seeking the district court's review and reconsideration within seven days of the "clerk's action." FED. R. CIV. P. 54(d)(1); *see also BDT Prods. v. Lexmark Int'l*, 405 F.3d 415, 417 (6th Cir. 2005) ("The function of the court in the process of taxing costs is merely to review the determination of the clerk."). So ACH's Motion will be denied.

But what of Plaintiff's pending appeal? Would it not be more efficient to delay determining taxable costs until after the Sixth Circuit's decision? Not necessarily. "While there is always a possibility that the Court of Appeals may disagree with the District Court's judgment, it is in the interest of judicial economy to resolve all of the remaining issues in this case at this time." *Epcon Gas Sys. v. Bauer Compressors, Inc.*, No. CIV.A. 98-CV-75392, 2001 WL 363933, at *1 (E.D. Mich. Mar. 28, 2001). Indeed, "district courts throughout this Circuit have routinely rejected the argument that the taxation of costs should await the conclusion of an appeal." *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013) (collecting cases), *aff'd*, 582 F. App'x 657 (6th Cir. 2014); *see also 1704 Farmington, LLC v. City of Memphis*, 2010 WL 890995, at *2 (W.D. Tenn. Mar. 9, 2010) (finding "no authority for the proposition that a district court should stay bills of costs pending the resolution of a case on appeal" and instead finding it "more efficient to rule on costs now rather than delay the decision until the appeal is resolved") *aff'd* 437 F. App'x 387 (6th Cir.2011); *Singleton v. Select Specialty Hosp.-Lexington, Inc.*, No. CIV.A. 5:07-230-JMH, 2009 WL 1636177, at *4 (E.D. Ky. June 10, 2009) ("District Courts have authority to tax costs after a judgment is entered despite an appeal being taken.").

The Eastern District of Michigan's Bill of Costs Handbook expressly instructs "[t]he taxation clerk [to] tax costs *even if the case is appealed*," unless (1) "a stay pending appeal has been granted by the Court," or (2) the Parties stipulate to "postpone the taxation proceeding until the conclusion of" the appeal.[2] *Bill of Costs Handbook*, E.D. MICH., Section I.B. (Nov. 2013) (emphasis added); *see also MacDonald v. United Parcel Serv.*, No. 07-12022, 2010 WL 1254607,

---

[2] Other local rules provide otherwise, and allow the clerk of court to, in their discretion, defer the determination of costs until after the conclusion of a pending appeal. *See*, *e.g.*, *Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2023 WL 3919338, at *1 (S.D. Ohio June 9, 2023).

at *3 (E.D. Mich. Mar. 26, 2010). As explained above, even if Plaintiff requested a stay of taxation proceeding pending appeal—he has not[3]—such a stay is unwarranted. And the Parties have not otherwise stipulated to delay the determinations of costs pending Plaintiff's appeal. So, the Parties must wait for the Clerk's determination.

### III.

Accordingly, it is **ORDERED** that Defendant Advanced Correctional Healthcare's Motion for the Taxation of Costs, ECF No. 199, is **DENIED.**

Dated: April 11, 2025                                   s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

[3] Plaintiff requested a "stay without bond pending appeal" under Civil Rule 62 "*if* this Court does tax costs." ECF No. 202 at PageID.5603 (emphasis added). But the clerk has not yet decided whether it will assess any taxable costs against Plaintiff. This Court cannot grant a "stay of money judgment" before it is awarded. *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Once the clerk determines taxable costs, Plaintiff is free to file a motion challenging this determination— or seeking the stay of its execution pending appeal. *See* FED. R. CIV. P. 54(d)(1); *MacDonald v. United Parcel Serv.*, No. 07-12022, 2010 WL 1254607, at *3 (E.D. Mich. Mar. 26, 2010) (staying execution of costs without bond given pending appeal and the parties' financial disparity).